THE NORTH RIVER STEAM BOAT COMPANY
*against*
A. N. HOFFMAN and others.

Where a corporation are plaintiffs, it must appear, that all the persons jointly interested, are entitled to sue in the Courts of the United States, in order to give a Circuit Court of the U. S. jurisdiction of the cause.

If some of the parties, plaintiffs and defendants, respectively, are citi- zens of the same State, the cause cannot be removed from the State Court to a Circuit Court of the U. S.

This Court will grant and continue an injunction to enforce the statutes of this State, giving an exclusive right to certain persons to navi- gate the waters of this State with *steam boats.*

*July 2d.*      BILL filed by the plaintiffs, for an injunction to stop the running of the steam boat, called the *United States,* on the waters of *Hudson* river. The bill stated the several sta- tutes of the Legislature of this State of 1798, 1803, 1807, 1808, 1811, and 1820, by virtue of which the plaintiffs claimed to be entitled to the exclusive right and privilege, for the time therein limited, of employing and using boats propelled by fire or steam, upon the navigable waters of this State. The bill charged, that the plaintiffs, and those from whom they derived title, had been in the uninter- rupted use and enjoyment of this exclusive privilege, un-

der the protection of the laws, for the last ten years and up-    1821.

wards, and had laid out, in the purchase of such right, and   NORTH RIVER

in steam boats, the sum of $ 600,000.   That the defend-   COMPANY

ants had lately combined to build a steam boat to invade   HOFFMAN.

and destroy the right of the plaintiffs, and were actually

engaged in that tresspass, and navigating the *Hudson* river,

and carrying passengers to and from *New-York* and *Al-

bany.*

The bill was sworn to, and, according to the direction

of the Chancellor, due previous notice of the motion for an

injunction was given to the defendants.

The defendants regularly entered their appearance to

the bill, and immediately presented a petition to re-

move the cause into the Circuit Court of the *United States*,

to be holden in *New, York*, in *September* next.

In support of their petition, four of the defendants sta-

ted, by affidavit, that they were citizens of *New-Jersey*, and

sole owners of the new boat, and were desirous of remo-

ving the cause into the Circuit Court of the *United States*,

and offered the requisite security. It was further sta-

ted, by one of the defendants, upon affidavit, that the

boat *United States* had been enrolled, and a coasting li-

cence obtained for her, from the custom house at *Perth

Amboy*, in *New-Jersey*, and had regularly cleared out from

*Perth Amboy* for *Albany*, and was intended to carry, on

freight, foreign merchandize, on her trips between *Albany*

and *Perth Amboy*, and also to carry passengers ; and that

the boat had regularly cleared out, on each trip from *Perth

Amboy*, and duly reported herself to the surveyor of the

port of *Albany*.

In opposition to the petition for removal of the cause, one

of the plaintiffs, or a member of the company, stated by

affidavit, that he was secretary, and kept the books of the

company, and that all transfers of shares or stock were made

upon the books, and that three of the stockholders, whom he

1821.

NORTH RIVER
COMPANY
v.
HOFFMAN.

named, were citizens of *Connecticut*, and another a citizen of *New-Jersey*, and another a citizen of *Pennsylvania*, and that they were all residents in those States ; and the fact of their residence in those States, respectively, for several years past, was proved by the affidavit of another person.

The cause was argued by *Colden* and *T. A. Emmet*, for the plaintiffs, and by *Wells, D. B. Ogden, W. A. Duer*, and *Woodward*, for the defendants.

The counsel for the plaintiffs contended,

1. That the injunction ought to be allowed upon the matter of the bill, and before the defendants were permitted to appear and present their petition.

2. That the case was not within the act of Congress allowing a removal.

3. That the merits of the case were with them, and had been setled by two unanimous decisions of the Court of Errors ; and this case could not be distinguished from those cases.

The counsel, in support of these points, cited 3 *Dallas*, 382. 4 *Dallas*, 7. 12. 22. 1 *Cranch*, 343. 2 *Cranch*, 126. 3 *Cranch*, 267. 5 *Cranch*, 57. 1 *Wheaton*, 91. 3 *Wheaton*, 501. 9 *Johns. Rep.* 507. 17 *Johns. Rep.* 488.

The counsel for the defendants contended for the reverse of all the above points, and cited 3 *Wheaton*, 591.

THE CHANCELLOR. The petition to remove the cause to the Circuit Court of the *United States*, cannot be granted, because the Circuit Court have not cognizance of the case. If the petition is granted, the cause will undoubtedly be dismissed from the Circuit Court, when it meets at *New-York*, in *September ;* and in the mean time, the defendants will be left to reap undisturbedly the profits of their illegal invasion of the plaintiffs' privilege. It appears, undeniably, by the bill, and by the affi-

davits in aid of it, that some of the members of the associa-
tion of the plaintiffs are citizens of other S tate, and one
of them a citizen of *New-Jersey.* Now, it has been re-
peatedly decided by the Supreme Court of the *United
States,* (*Strawbridge* v. *Curtis,* 3 *Cranch,* 267. *Hope Insu-
rance Company* v. *Boardmen,* 5 *Cranch* 57. *Bank of the
U. S.* v. *Deveaux,* 5 *Cranch,* 61. *Corporation of N. Or-
leans* v. *Winter,* 1 *Wheat.* 91. *Cameron* v. *M'Roberts,*
3 *Wheat.* 591.) that the right of a corporation to sue in the
Federal Courts, must depend upon the character and citizen-
ship of its several members; and that in order to give the
Federal Courts jurisdiction of a case, it must appear,
affirmatively and clearly, that all the plaintiffs in the given
case, are entitled to sue or be sued in the Federal Courts,
Each person concerned in the joint interest must be com-
petent to sue or be sued in those Courts. To apply the
doctrine to this case, it will be perceived, at once, that the
plaintiffs cannot sue the defendants in the Federal Courts,
because some of the plaintiffs and some of the defendants,
who are parties to the suit, *and have not disclaimed,* are,
respectively, citizens of this State; and citizens of the same
State cannot sue each other in the Federal Courts. So, it
appears, also, that one of the plaintiffs is a citizen of *New-
Jersey,* and he cannot sue the defendants who are citizens
of *New-Jersey,* in the Federal Courts. The parties to the
suit must be, as against each other, *wholly* citizens of differ-
ent States, or the Federal Courts have no jurisdiction.
The Federal Courts say so, themselves, and have uniformly
disclaimed any jurisdiction, where the case was not plainly,
and by positive averments upon record, brought within their
cognizance. (3 *Dallas,* 382. 1 *Cranch,* 343. 2 *Cranch,*
1. 126.) There can be no possible doubt in this case,
upon the facts admitted, that this cause could not be deci-
ded originally in the Federal Courts, and that, therefore, it
not be removed in the way proposed; and though I
may regret the necessity of exercising the jurisdiction

1821.

NORTH RIVER
COMPANY
v.
HOFFMAN.

which is thrown upon me in this case, yet I have no alternative. The case can eventually be reviewed in the Supreme Court of the *United States;* but it must go there, in the ordinary channel, by means of an appeal from the decision of this Court to the Court of Errors, and from the Court of Errors to that Court.

The motion to remove the cause is consequently denied.

The next question is upon the motion for an injunction founded upon the bill.

On this point, there is still less room for hesitation. The plaintiffs are in possession of exclusive privilege, granted or confirmed by six different Legislatures; and if such a right, flowing from such an authority, be not conclusive and binding upon all our Courts and all our citizens, it would be idle to talk about rights and property, or the security of a government of laws. The validity and constitutionality of these laws were brought into discussion in the Court of Errors, in *March,* 1812, in the cause of *Livingston* v. *Van Ingen,* and the Court unanimously declared these laws to be valid and constitutional.—The defendants have, however, got their boat enrolled and licensed under the laws of the *United States,* as a coasting vessel, and so had the defendant in the cause of *Ogden* v. *Gibbons,* in which the parties were citizens of *New-Jersey;* and yet it was decided by the Court of Errors, with the same unanimity, in *January,* 1820, that the circumstance of the enrolment and license made no alteration in the case, and gave the steam boat no additional right to disturb the plaintiffs in the enjoyment of their exclusive privilege under the several statutes of this State. Whenever the Supreme Court of the *United States* shall decide that the privilege granted under our statutes is against the constitution of the Union, it will be in time to abandon the statutes, and give up the protection of the boats navigating under that sanction. But no such decision has been made, or is anticipated, and the present case cannot but excite surprize for the temerity

and infatuation with which the laws are once more attempt-
ed to be infringed. This Court has no alternative left. It
is bound to declare and to enforce the law as it stands, and
the injunction must be granted according to the prayer of
the bill.