1833.

LEONARD
v.
JAMISON.

---

### LEONARD v. JAMISON and others.

---

Although the parties to an interpleader suit in this court live in different states, still, the cause will not, before the complainant is dismissed, be removed to a U. S. Court: a complainant in an interpleader bill being more than a nominal party.

---

October 14.
1833.

Jurisdiction.

The complainant had filed a bill of interpleader in relation to a promissory note transferred to the defendant Samuel Jamison, junior, by Solomon Johnson, another defendant. The complainant Leonard and three of the defendants, viz : James R. Whiting, Joseph N. Barnes and Cornelius Read, who were trustees of the estate of Solomon Johnson, an absent or absconding debtor, all resided within the State of New York.

Samuel Jamison, junior, was a resident of New Orleans. Solomon Johnson also lived within the State of Louisiana. Moses Allen, also made a defendant, resided in the city of New York.

The defendants Whiting, Barnes and Read claimed the amount of the promissory note as trustees of the creditors of Solomon Johnson; and the note had been sent to the defendant Allen by Jamison for collection.

The defendants Whiting, Read and Barnes had put in their answer.

The defendant, Samuel Jamison junior, now presented a petition, asking that the cause might be removed into the next circuit court of the United States to be held in and for the southern district of New York.

1833.

LEONARD
*v.*
JAMISON.

Mr. *Jonathan Miller* moved upon the petition.

Mr. *Whiting* opposed; and cited the case of *Ward* v. *Arredondo*, 1. Paine's C. C. Rep. 410.

THE VICE-CHANCELLOR:—As between the complainant *October 15.* and the defendants, the present case comes within the principle laid down in *Ward* v. *Arredondo.* A decree in relation to the complainants right to file the bill is first to be made ; and, consequently, such complainant cannot be looked upon as a mere nominal party.  He has no right in the matter in controversy : but still, there is something to be settled between him and the defendants before the latter can litigate together.  Thus, if the defendants admit the right of the complainant to file the bill and set up no defence in opposition which requires the taking of testimony, the complainant files a replication and then sets down the cause for hearing and for a decree that they interplead and settle the matter between themselves ; and the court dismisses the complainant with his costs.   This has got to be done, as I have said, before the defendants contest together.   Suppose this cause were now removed : there must be proceedings between the complainant and the defendants ; and as some of the defendants are citizens of the same state with the complainant, the cause cannot be removed at present.

I must deny the motion.