Byam and others *v.* Stevens and Lacour.

An injunction should not refer the defendant to the bill for any of the matter enjoined. This, however, would not excuse an infringement, if a defendant had knowledge *dehors* the injunction.

Where there may have been but a constructive infringement of an injunction and the nature of the suit is such as to make it difficult to calculate damages, the court will refuse an attachment and leave the chance of injury to be embraced in the decree.

Where the defendants are aliens and proceed to remove the cause into the circuit court of the U. S. under the act of congress, the granting an injunction on motion for its infringement will not be ground for keeping a cause in this court.

THE complainants, Ezekiel Byam, Prentiss Whitney and Seth King, were trustees for an association of persons entitled the American Patent Friction Match Company. An action had been heretofore commenced against the defendant John H. Stevens, who was the owner of certain patents for the making, &c. of matches by certain machinery. An agreement under date of the twelfth day of July one thousand eight hundred and forty-one was made between the complainants and the said Stephens, whereby he was to work his machinery in Stanton street, New York, and make matches exclusively for them. Their bill now alleged that he was making matches, by this machinery, and disposing of them in fraud of the agreement; and the complainants charged that the other defendant, Michael Lacour, was used by him for that purpose. An injunction was granted restraining the said John H. Stevens and Michael Lacour " from using or causing or permitting to be used by others certain machinery specified in an agreement made between the said complainants and the said John H. Stevens bearing date the twelfth day of July A. D. 1841, and which is set forth in the bill of complaint for the manufacture of matches and also from using the process described in any of the letters patent also specified in the said agreement. And also from selling any matches already manufactured by the use of the machinery and process aforesaid or either of them."

A petition was now presented, on the ground of the alien-

*Nov.* 10, 1842.

*Practice.*
*Injunction.*
*Attach-*
*ment.*
*Alien.*
*Removing*
*cause.*

ism of the defendants and amount involved, to remove the cause into the circuit court of the United States for the southern district of New York. And also, motion against the defendant Lacour for an alleged infringement of the injunction. The notice of application to remove was shortly prior to the service of application for an injunction.

The defendant Lacour, in meeting the matter of the attachment, deposed (*inter alia*) as follows : "And this deponent further says that he does not know what machinery is specified in an agreement made between the complainants and the said John H. Stephens bearing date the twelfth day of July one thousand eight hundred and forty-one or that any machinery is therein specified. That this deponent is not a party to said agreement and never read the same and does not know the contents thereof even from hearsay, so far as to know what machinery is specified therein, but if the machinery therein specified is that used by the said Stevens before the date of the said agreement, as he believes it must be if any is specified, it is not the machinery used by this deponent. And this deponent further says, that there is a steam engine, some shaftings, lathes and benches and tools which were there when the said Stevens was there, but he has not supposed that these are comprehended under what the complainants term machinery for the manufacture of matches, being articles in general use by all mechanics whose trade requires the use of such implements or tools. And this deponent further says, that he does not know and has not been informed what letters patent are specified in the agreement mentioned in the said injunction, nor what proceeds or what varieties of process are required in letters patent specified in the said agreement."

Mr. *Dana* and Mr. *B. F. Butler*, for the complainants. They claimed that the present application for an attachment was in the character of a criminal proceeding and that it was not a matter of course for the court to allow the removal of the cause and referred to *Cobbett's case*, 3 Dallas, 467 ; *Rogers* v. *Rogers*, 1 Paige's C. R. 185. Also they urged that such removal would leave the complainants remediless

as to the alleged contempt. The issuing of an injunction should also be remembered.

Mr. *George C. Goddard* and Mr. *Cutting*, for the defendants.

The case of *Rogers* v. *Rogers* was decided on the ground that the suit sought to be removed by the defendant was merely an equitable defence to certain suits at law brought by the defendant against the plaintiff in the state courts, to stay proceedings in those suits and therefore to be considered an original bill. In the case cited from 3 Dallas, 367, *Respublica* v. *Cobbett,* a removal was denied, 1st, because the supreme and not the circuit court had jurisdiction where a state was a party ; and 2d, it was an action on a recognizance which was held to be of a criminal nature and, therefore, not within the act. The case of *Jackson* v. *Stiles,* 4 J. R. 493, and all the cases recognize that the removal is a matter of right when the case is within the act. The act of congress (act of 1789, chap. 20, § 12, p. 57, Story's Edit., is founded on the Constitution of the United States. It secures to aliens the right to be heard in the federal courts. That an injunction has been granted is no reason against allowing the motion. The act of congress has no such exception. Even if the United States Court could not grant an injunction, it would be the mere misfortune of the party and would not prevent the removal. But the United States Court can grant one. The motion for attachment is against one only and ought not to have any effect against the other defendant.

THE VICE-CHANCELLOR :—The injunction restrains the defendant threefold : 1. From using certain machinery specified in an agreement between the complainant and Stevens of the twelfth day of July one thousand eight hundred and forty-one and which is set forth in the bill for the manufacture of matches. 2. From using the process described in any of the letters patent also specified in the agreement. 3. From selling any matches already manufactured by the use of the machinery and process or either of them.

This does not restrain the defendants from making and selling matches generally. They are still at liberty to make and sell matches—only they must not make matches by means of the machinery and process referred to or sell such as had thus been made.

The injunction is defective in not showing upon its face the particular machinery and processes which it is intended to restrain the defendant from using, instead of referring them to the bill and the agreement and letters patent therein mentioned : *Sullivan* v. *Judah,* 4 Paige's C. R. 446. Still, if the defendants knew all these particulars *dehors* the face of the injunction, they are chargeable with the consequences of violating it : *Ib.* This defendant Lacour swears he did not know the contents of the agreement of the twelfth day of July one thousand eight hundred and forty-one, he not being a party thereto so far as to know what machinery was specified therein, and that he neither knows nor has he been informed what letters patent are specified in the agreement mentioned in the injunction, nor what process or varieties of process are described in letters patent specified in the said agreement. He states, moreover, that the machinery used by him is very different from that used by Stevens and is not the same machinery nor has he used or caused to be used the machinery used by Stevens since the injunction was served on him. In the face of these denials and considering also the other responsive matters contained in the affidavits and the fact likewise that the defendant is at liberty to manufacture matches by the use of other machinery and process than that enjoined, I consider that the most discreet course is, to refuse the attachment and to leave the complainants to pursue their remedy by a supplemental bill against Lacour for an account of these subsequent operations of his in manufacturing and selling matches, if the complainants can substantiate their claim to an exclusive right to the business carried on at this manufacturing place in Stanton street under the agreement with Stevens.

. If there has been a violation of the injunction by Lacour, it would seem to be rather a constructive violation than otherwise and instead of investigating the matter in a collateral proceeding by attachment when it will be very diffi-

cult to know in anticipation of a decree determining the rights of the parties, what compensation should be awarded to the complainants, I am of opinion it had better be left to the matter of accounting under a decretal order that may be made after a hearing on the merits.

The defendant John H. Stevens is entitled to have the case removed, at once, to the circuit court of the United States. And when it is in that court as to both defendants, the complainants can file a supplemental bill, showing this continuation of the business by Lacour, calling him to an account for it and praying a further and more particular or specific injunction out of that court.

Motion for attachment denied, and costs to abide the event of the suit.