as he was either passive on the matter, or acted only at the instance of Pendleton, and the argument is, that if Giddings had no intent to give a preference then it is not possible that the defendants could have "had reasonable cause to believe that such payment was made (by him) in fraud of the provisions of the bankrupt act."

But it is undeniable that Giddings did consent to and did turn out the note against Pendleton to the defendants. He owed in all about $6,000, and the note he thus gave in payment to the defendants constituted the bulk of his available assets. What could he have meant but to give them a preference? By the payment to them the defendants secured a preference,—the lion's share of his assets, and this, too, when they knew he was insolvent, and had made acts which are acts of bankruptcy grounds for their attachment against him.

If under the circumstances these defendants can retain the advantage they sought to derive from the attachment and through that agency secured, manifestly the purpose of the bankrupt act, which is intended to prevent preferences and put all general creditors upon an equal footing, is subverted. See Linkman v. Wilcox [Case No. 8,374].

Affirmed.

## Case No. 5,406.

### GIER v. GREGG et al.

[4 McLean, 202.] [1]

·Circuit Court, D. Illinois. June Term, 1847.

PRACTICE—STATUS OF CAUSE ON REMOVAL—AMENDATORY ANSWER.

1. A case removed from a state court, to the ·circuit court of the United States, .stands, in the latter, as it did at the time of the removal ·in the former.

[Cited in Wolf v. Connecticut Mut. Life Ins. Co., Case ·No. 17,924; Moynahan v. Wilson, Id. 9,897.]

2. If an amendatory answer repeat what was said in the answer filed before, without varying the defense, it may be considered as impertinent, and will be referred to a master, etc.

In equity. .

Mr. Butterfield, for plaintiff.

Mr. Chickering, for defendants.

OPINION OF THE COURT. This case was brought here from the circuit court of the state, and it is now before the court on exceptions to the answer. Leave was given at the last term to amend the answer. The counsel for the defendants [Gregg & Wald] contends that nothing is brought from the state court into this court, under the act of congress, but the process. The case, when removed from the state court to the circuit court of the United States, stands in the latter court as it stood in the former, before the

removal. The objection to the answer to the amended bill is, that it repeats what was said in the answer previously filed. In Story, Eq. Pl. § 868, it is said, that an answer to an amended bill is considered a part of the answer to the original bill. Therefore, if a defendant, in a further answer, or in an answer to an amended bill, repeats any thing contained in a former answer, the repetition, unless it varies the defense, in point of substance, or is otherwise necessary or expedient, will be considered as impertinent; and on reference to a master, such parts will be struck out. In section 875a the author says, "It may well be suggested whether the plaintiff has a right to dispense with the oath, and yet to make the answer evidence in his own favor as to all the facts which it admits, and exclude it as evidence as to all the facts which it denies." It would seem that the whole answer should be taken together, at least so far as one part may be explanatory of another, or have a direct bearing upon it. The court referred the answer back to the master, to state what part of the former answer, if any. is a full answer to the interrogatories in the amended bill.

[See Case No. 5,799.]

GIER (GREGG v.). See Case No. 5,799.

## Case No. 5,407.

### In re GIES.

[12 N. B. R. 179; 7 Chi. Leg. News. 379; 21 Int. Rev. Rec. 310; 1 N. Y. Wkly. Dig. 101.] [1]

District Court, E. D. Michigan. 1875.

BANKRUPTCY — ATTORNEYS OF BANKRUPT AS PREFERRED CREDITORS.

Attorneys of a voluntary bankrupt are not entitled to payment from the assets as preferred creditors for their services in preparing petition and schedules, but may prove their debt in the usual manner.

[Cited in Re Thompson, Case No. 13,938; Re Carstens, Id. 2,469.]

[In bankruptcy. In the matter of Frederick Gies.]

Petition for allowance from the bankrupt's estate of an attorney's fee of one hundred dollars for services in preparing debtor's petition and schedules in a case of voluntary bankruptcy; also for reimbursement of thirty dollars and seventy cents marshal's fee, advanced by petitioner.

BROWN, District Judge. The primary object of a debtor's petition being to obtain a discharge, the expenses of preparing petition and schedules have not been usually allowed as a preferred debt. Such seems to be the settled practice in most of the districts.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Reprinted from 12 N. B. R. 179, by permission. 1 N. Y. Wkly. Dig. 101, contains only a partial report.]