*Frederick Smyth*, for the respondent.

---

ALEXANDER DENNISTOUN and others *v.* THE NEW YORK AND NEW HAVEN R. R. CO.

To entitle the defendant, in an action brought in this court, to an order removing it into the Circuit Court of the United States, it must appear that he is an alien or a citizen of another state, and that the action is brought by a citizen of this state.

And he is not entitled to such an order if he is a citizen of another state, unless all the plaintiffs are severally citizens of this state.

In an action brought by four plaintiffs, three of whom were aliens and one a citizen of this state, against a railroad corporation created by the laws of another state: *held*, that an application to remove the action into the United States Circuit Court was properly denied.

Such a corporation is, within the meaning of the Judiciary Act of 1789, a citizen of the state incorporating it, notwithstanding, by a law of this state, it has been authorized to continue and construct its road through and over a part of this state, with liberty to purchase and hold real property here for such purpose.

MOTION to remove cause into the Circuit Court of the United States. The facts sufficiently appear in the opinion of the court at special term, which was as follows:

DALY, J.—This is an application on the part of the defendants for an order directing this cause to be removed to the United States Circuit Court for the district.

The petition alleges that the defendants are a corporation created and existing under a law of the state of Connecticut, in which state the railroad is in part situated and their business carried on ; and that such corporation is, within the twelfth section of the Judiciary Act of the United States, a citizen of the state of Connecticut; and they further allege, upon information and belief, that the plaintiffs are citizens and residents of the state of New York.

In answer to the application, the plaintiffs set up and show by affidavit, that three of the plaintiffs, Alexander Dennistoun, John Dennistoun and William Cross, are aliens, being subjects of the Queen of Great Britain, in which kingdom they now reside ; and they further show that the summons and complaint in this action was served, in conformity with a statute of this state, authorizing the defendants to continue their road through part of the state, upon the treasurer of the company.

Under the Judiciary Act of 1789, the Circuit Court of the United States have concurrent jurisdiction with the state court, where the matter in dispute exceeds five hundred dollars :—

1. When an alien is a party.

2. When the suit is between a citizen of the state where the suit is brought and a citizen of another state ; and by the twelfth section of that act, " if a suit be commenced in any state court *against an alien*, or by a citizen of the state in which the suit is brought against a citizen of another state," it may be removed for trial unto the next Circuit Court of the United States, to be held in the district where the suit is pending.

This is not a suit against an alien, but a suit brought by four plaintiffs, three of whom are aliens and one a citizen of the state,

against a corporation originally created by the laws of the state of Connecticut, and doing business in the state, and the question to be determined is, whether, within the twelfth section of the act referred to, it is a suit commenced by a citizen of this state against a citizen of another state.

It has been held by the courts of the United States, that, within the meaning of the Judiciary Act, a corporation is a citizen of the state where it is created and doing business. *Rimple* v. *Delaware and Raritan Canal Co.*, 14 How. R. 1, 80 ; *Salmon Falls Manufacturing Co.* v. *Goddard*, ib. 446 ; *Philadelphia and Reading Railroad Co.* v. *Derby*, ib. 468 ; *Marshall* v. *Baltimore and Ohio Railroad Co.*, 16 How. 314. Within the meaning of the act, therefore, the New York and New Haven Railroad Company is a citizen of the state of Connecticut, but it is insisted that by an act of the legislature of the state of New York (Laws of 1846, p. 231), it is also a citizen of this state, and that such being the fact, the court of the United States have no jurisdiction, the suit being between the plaintiffs, one of whom is a citizen of the state, and a corporation also a citizen of the state. The act of the legislature of this state is not an act creating the defendants a corporation, but an act which recognizes them as a corporation already created and existing by the laws of the state of Connecticut, and granting them, as such existing corporation, certain rights and privileges in the state.

The act recites their previous incorporation by an act of the legislature of the state of Connecticut, and authorizes them to extend and continue their road through a part of this state, with liberty, for that purpose, to purchase and hold real estate, which are granted upon certain conditions and subject to certain liabilities. The personality of the defendants, therefore, as a citizen, within the meaning of the Judiciary Act of the United States, was established and fixed by the act of the state of Connecticut, which first gave them their corporate being, and for the purpose of this motion they must be regarded and treated as a citizen of that state.

The question, therefore, again recurs, whether the fact, that

Dennistoun v. New York and New Haven R. R. Co.

one of the plaintiffs is a citizen of the state, makes this a suit between a citizen of the state where the suit is brought and a citizen of another state, so as to authorize its removal into the court of the United States.

In *Shawbridge* v. *Curtis* (3 Cranch, 267), Chief Justice Marshall held, that each distinct interest should be represented by persons all of whom are entitled to sue or may be sued in the federal court; that is, when the interest is joint, each of the persons concerned in that interest must be competent to sue or liable to be sued in the court of the United States. Here the interest on the part of the plaintiffs is represented by four persons, one of whom is a citizen of the state and three of whom are aliens.

In respect to alienage, it has been held that the courts of the United States have not jurisdiction of suits between aliens, but only where an alien or aliens constitute one party and a citizen or citizens the other (*Massman* v. *Higginson*, 4 Dallas, 12; *Martalet* v. *Murray*, 4 Cranch, 46; *Hodgson* v. *Bowsbank*, 5 Cranch, 303; *Ward* v. *Arcdonde*, 1 Paine, 410); that is, a suit may be brought by an alien plaintiff against a defendant who is a citizen (*Chippendaile* v. *Dechauany*, 4 Cranch, 306), and *vice versa*, by a plaintiff who is a citizen against an alien defendant. In this case the three alien plaintiffs might sue the railroad company, the corporation being, for the purpose of determining the jurisdiction of the United States court, a citizen; and the other plaintiff, as a citizen of this state, might sue them as a citizen of another state. Each of the parties, plaintiffs and defendants, possessing, under the construction given to this act by Chief Justice Marshall, the requisite qualifications to sue or be sued in the courts of the United States. It is insisted, therefore, that the Circuit Court of this district has jurisdiction of a suit like this, brought against a citizen of another state by plaintiffs, one of whom is a citizen of the state and the other aliens, and that such being the fact the right of removal exists. But it does not follow, because the Circuit Court would have had jurisdiction of a suit if it had been originally brought there, that the defendants have a right to remove it there.

An alien plaintiff may sue a citizen in the court of the United States; but if he thinks proper to bring his suit in a state court there is no authority for removing it. The right to remove is derived exclusively from the twelfth section of the act, and it makes no provision for such a case. That section provides only for two cases.

1. When the suit is *against an alien.*

2. Or, where the suit is between a citizen of the state where the suit is brought, and a citizen of another state; and a suit by an alien plaintiff is not embraced under either head.

Neither does the present suit come within either of the two cases in which a right to remove is given by this section. It is not a suit against an alien, but a suit brought by aliens conjointly with a citizen, and the fact that one of the plaintiffs is a citizen of the state does not make it a suit brought by a citizen of the state. He does not bring the suit; for, having but a joint interest, he could not bring it alone. The suit is brought by the four plaintiffs, who represent the united interest. It is not brought by him, but by them, and as they are not severally citizens, a suit brought by them, unitedly, is not a suit between a citizen of the state and the citizen of another state.

The motion must therefore be denied.

From the order entered, denying the motion, the defendant appealed to the general term.

*Noyes, Powers & Talmadge,* for appellants.

*Foster & Thompson,* for respondents.

INGRAHAM, FIRST JUDGE.—This appeal from an order of Judge Daly is submitted without any points or brief of either party.

The application is for an order to remove the cause from this court to the United States Circuit Court, upon the ground that the action is between citizens of different states. The answer to

the application is, that three of the plaintiffs are aliens, and that the statute providing for a removal of a cause from a state court to the United States court does not apply to such a case.

After the full examination given by Judge Daly to this question, we do not deem it necessary to add to his opinion anything beyond our concurrence therewith. For the reasons stated by him, in his opinion delivered at special term, we think the order appealed from should be affirmed, with $10 costs.