## Case No. 2,039.

### BROWNELL v. GORDON.

[1 McAll. 207.][1]

Circuit Court, D. California. July Term, 1856.

REMOVAL OF CAUSES—SUIT BY ALIEN—AVERMENT OF ALIENAGE—JUDICIARY ACT.

1. The right of transfer of a case from a state court to a circuit court of the United States, awarded to an alien by the 12th section of the judiciary act of 1789 [1 Stat. 79], is one of which he cannot be deprived, if he has complied with its provisions.

2. It is not indispensable that the averment of the citizenship or alienage of a defendant should appear on any one of the papers transmitted with the order of the state court, for the transfer of the case to this court.

A motion is made to dismiss this case on the ground that there are no averments in the pleadings, which show jurisdiction of either subject-matter or the parties. The case had been transferred to this court from the district court of the 11th judicial district of this state, under the 12th section of the judiciary act of September 24, 1789. [Motion denied.]

Meredith & Hewes, for plaintiff.
Janes, Doyle, Barber & Boyd, for defendant.

McALLISTER, Circuit Judge. The privilege conferred by the section of the law under which this case was removed to this court, is one to which a defendant is entitled who brings himself within its terms, and of

[1] [Reported by Cutler McAllister, Esq.]

which the court cannot divest him. Conkling's Treatise, 173. The inquiry is, has this defendant so far complied with the terms of the law as to entitle himself to the exercise of this right? It is clear, that if anything appeared affirmatively on the papers sent to this court, to show that the defendant had not availed himself of his right at the time, or given security as prescribed by the statute, or that the court had not transferred the case to this tribunal, it would have been the duty of this court to have remanded it to the state tribunal. The amount on the face of the summons exceeds the sum of five hundred dollars; and the only question is, whether the averments of citizenship must necessarily be made on some one of the papers transmitted to this court in order to enable it to enter the case upon its calendar; for that is all the court has to do before proceeding in the case. It certainly would have been a more regular practice if the order of the state court, or the petition for the removal, had enumerated the grounds and facts upon which the petition was based, and on which the action of the court was taken; but this is not required by the act of congress. Conkling, in his treatise, says: "The order (of removal) to be entered is, that the security afforded be accepted; that the cause be removed to the circuit court of the United States, in and for the district of ———, and if bail has been put in, that the bail of defendant be discharged. . . . Such order being entered, all further proceedings are suspended until the next session of the court to which the removal is directed to be made; at which time a certified copy of the order of removal and of the process by which defendant was brought into the state court, must be produced in the national court; upon the reading and filing whereof it will be ordered by that court that the case be entered therein." Page 482.

There has been a strict and literal compliance with these directions in this case. A certified copy of the process has been produced, together with the order of the state court for a removal, which states that a bond had been filed, that counsel for both parties had been heard, and concluding with an order that all further proceedings should be stayed, and the removal of the cause into this court be had; and that the clerk do furnish defendant or his counsel with certified copies of the summons (process) and of this order. The order in this case states more than is deemed to be necessary; but, having stated all that is necessary, and the defendant having produced certified copies of the process and complaint, it is the duty of this court to enter the case upon its docket. It is evident that the state court coincided with the text-writer cited, in the opinion that those documents were sufficient to authorize this court to order an entry of it on its calendar.

We will now look to the phraseology of the law under which this proceeding has been taken. The twelfth section of the judiciary act of 1789 (1 Stat. 79), enacts that if a suit be commenced in a state court against an alien, and the matter in dispute exceeds $500, exclusive of costs, to be made to appear to the satisfaction of the court, and the defendant shall, at the time of entering his appearance in such state court, file a petition for the removal of the cause for trial into the next circuit court, &c., and offer good and sufficient security for his entering in such court on the first day of its next session copies of said process against him, and also for his there appearing and entering special bail in the cause, if special bail was originally requisite therein, it shall be then the duty of the state court to accept the security and proceed no further in the cause, and any bail originally taken shall be discharged; and the said copies, being entered as aforesaid, the cause shall proceed in the same manner as if it had been brought there by original process.

Now, it is evident, this act did not contemplate any averment of citizenship as necessary to be made in any paper transmitted to this court from the state tribunal, for it required none other than a certified copy of the process. From the character of that document, as it existed in 1789, when that act was passed, it will be found that the averment of citizenship was never found in it. At that time, the common-law system prevailed throughout the states. The mode of compelling the appearance of a defendant was by capias. The appearance of defendant to non-bailable process, or capias, was by indorsement on the writ of an engagement to appear on the return-day; or, in default of so doing, the sheriff returned service of the writ, and the appearance of defendant was entered. After his appearance, the plaintiff filed his declaration. Such was the proceeding at the time of passing the act of congress which required the defendant at the time of entering his appearance in the state court, to take the steps therein prescribed to remove the cause. Now, at this period of time, the process was a simple capias; nor would it contain an averment of citizenship any more than our summons (the substitute for the capias) does at the present day. Being a process from a state court, no averment of citizenship was necessary or ever made. Even when process is issued from this court, no such averment is made in it. That is not made until the declaration is filed. The pleadings then only commence in which the averments to give jurisdiction are necessarily made.

Whether we look to the nature and form of the process, and the fact that it was the only document of which, with evidence of the removal, copies were required to be produced, or to the phraseology of the statute, it seems evident that an averment of citizenship in some one of the papers trans-

mitted by the state court, is not indispensable. Cui bono should it be required? After the removal, not one step could be taken without amending the pleadings, so as to insert the necessary averments as to citizenship. In this case, the party has complied with the terms of the statute, and is entitled to have his case entered on the calendar. When that is done, it is the duty of this court to proceed in the same manner as if the case had been originally brought here. If originally brought here, the plaintiff would have been obliged to have filed his complaint (declaration) with proper averments as to jurisdiction. It is his duty to do so now. There is also a precedent for this course. In Clarke v. Protection Ins. Co. [Case No. 2,860], it is decided, that on the transmission of the process or declaration by which the suit was commenced in the state court and the entry of the same in the circuit court, the plaintiff must file a new declaration in accordance with the practice of the circuit court, the same as if the suit had been commenced by regular process in the latter court. Until the filing of such new declaration, the plaintiff cannot enter a rule to compel the defendant to plead, nor enter his default for not pleading. The nature and character of such new declaration or complaint is optional with the plaintiff, provided it sets forth substantially the same cause of action with that set forth in the process, or summons, which issued from the state court.

The motion to dismiss is denied; and the case is hereby ordered to be entered on the calendar of this court, leaving to plaintiff his right to prosecute his suit by filing a new declaration, or amending the old one by insertion of proper allegations as to citizenship.