## SUPREME COURT.

GEORGE W. JONES, respondent, agt. WILLIAM H. SEWARD, appellant.

In an action against a civil officer of the United States for damages in causing the arrest and imprisonment of the plaintiff, where the defence interposed is, that such acts were done under and by the authority derived from the President of the United States, the defendant is entitled, by virtue of an act of congress passed March 3, 1863, entitled, "An act relating to *habeas corpus,* and regulating judicial proceedings in certain cases," to have the action *removed into the circuit court of the United States.*

On an application by the defendant for the removal of such an action from the state court to the circuit court of the United States, the question is not whether the act of March 3, 1863, affords a valid defence to the action, but whether congress has the *power to give the circuit court jurisdiction of the case.*

The defence in the case arises under an *act of congress*, and it is sufficient for the state court that the defence involves the construction and effect of such act, under the constitution of the United States; it therefore comes within the judicial power of the United States, and congress can confer upon the circuit court jurisdiction over it.

Congress can give the circuit court of the United States *original jurisdiction* in any case to which their *appellate jurisdiction extends*. (*This decision reverses S. C. at special term, ante,* 33.)

*New York General Term, March,* 1864.

*Before* LEONARD, *P. J.,* SUTHERLAND and CLERKE, *Justices.*

APPEAL by defendant from the decision of the special term denying defendant's application to remove the cause to the circuit court of the United States. (*Reported ante, p.* 33.)

JAMES T. BRADY and W. C. TRAPHAGEN, *for appellant.*
JOHN McKEON and MR. MEAD, *for respondent.*

LEONARD, J.   The question is not whether the fourth section of the act of congress, passed March 3, 1863, affords a valid defence to the action.   The true question is this: is it in the power of congress to give the circuit court jurisdiction of the case ?

The constitution extends the judicial power of the Union to all cases in law and equity arising under the constitution, laws and treaties of the United States.

The defence in this case arises under the act of congress, and the validity of that act, considered in the light afforded by the constitution, will be one of the principal subjects to be determined at the trial.   It has been decided that a case arises within the meaning of the constitution as well when the defendant seeks protection under a law of congress, as when a plaintiff comes into court to demand some right conferred by law.

It has been objected that the original jurisdiction of all actions may be drawn into the federal courts by similar enactments of congress, and that the case arises within the meaning of the constitution only after a trial and

judgment in this court, when the action can be transferred by writ of error or appeal, and brought before the federal courts for review.

The power of transferring causes to the United States circuit in a similar manner, where the question involved was of an appellate and not original jurisdiction, has long been sustained.

Chief Justice MARSHALL says, in the case of *Osborn* agt. *The Bank of the United States* (9 *Wheaton*, 821), " we perceive no ground on which the proposition can be maintained that congress is incapable of giving the circuit courts original jurisdiction, in any case to which the appellate jurisdiction extends."

Congress has enacted that the defendant may interpose in his defence the orders, &c., of the President, and has directed the transfer of cases involving such a defence, in the manner prescribed, into the circuit court.

According to the statements of the defendant such a case has arisen. We have nothing to do with the validity of the law as a defence to the action. It is sufficient for the state court that the defence involves the construction and effect of a law of congress. The case has then arisen when the courts of the United States may have jurisdiction, if congress so direct. If the law does not afford a constitutional or valid defence, it cannot now be doubted that the learned justices of the United States courts will so declare it, when the jurisdiction of such cases will remain in the state courts, as before the enactment of the law. It is not our duty to assert the independence of our state sovereignty and jurisdiction ; for the final construction and effect of all acts of congress may be brought before the United States courts by the express provision of the constitution. The manner of taking the cause to those courts is of consequence. The supreme court of the Union must be relied on to prevent its jurisdiction from being unlawfully extended by congress. I am of the opinion

therefore, that congress has the power to direct the transfer of such cases.

In my opinion this application was unnecessary in order to vest the United States circuit court with the possession of the action, but the discussion has not been lost, inasmuch as it will be now settled that this court will not, in this judicial district, take further cognizance of cases which have been transferred under this act of congress. It is very proper that an order be entered transferring the cause to the United States circuit, as it affords the evidence in the court of the disposition made of it.

In arriving at my conclusions I have consulted *Story's Com. on the Constitution, chap.* 38, §§ 903, 906, &c. ; *Martin* agt. *Hunter,* 1 *Wheat.* ; *Cohen* agt. *The State of Virginia,* 6 *Wheat.* ; *Osborn* agt. *The Bank of the United States,* 9 *Wheat.*

As a rule of practice I think the court should not approve any sureties unless the amount of bond is equal to the sum in which the defendant in the action has been held to bail, if bail has been required in the state court. This fact should be made to appear to the satisfaction of the judge to whom the bond is presented for approval.

The decision in this case will also embrace the case of *Gudeman* agt. *Wool,* argued at the same general term as the present case.

The order appealed from should be reversed, and the motion below should be granted without costs.

SUTHERLAND, J. The question is not as to the constitutionality of the fourth section of the act, declaring that the order or authority of the President, during the rebellion shall be a defence in all courts, to any action for any arrest, imprisonment, or act done, or omitted to be done, under or by color of the President's order, or of any law of congress : but the question is as to the constitutionality of the fifth section of the act, authorizing the defendant in any such action to remove the same from the state court to the circuit of the United States for the district where

the suit is brought for trial, on complying with certain requirements specified in the section, that is, on entering his appearance, filing his petition stating the facts, offering good and sufficient surety, &c.

The question presented by this appeal is not as to the constitutional power of the President to order the arrest, imprisonment, &c., or as to the constitutional power of congress to authorize the President to order the arrest, imprisonment, &c.; but the question presented by the appeal is, as to the constitutional power of congress to give the circuit courts of the United States primary or original and (as to the state courts) exclusive jurisdiction, of the trial of actions for such arrests, imprisonment, &c.

In determining the question as to the constitutionality of the fifth section of the act, we must assume, I think, that the trial of this action will involve the determination of the question as to the constitutionality of the fourth section; that congress in passing the act considered that the trials of the actions to be removed to the circuit courts of the United States under it would involve the determination of the question as to the constitutionality of the fourth section, whether tried in the state or United States courts; and that congress intended by the fifth section to take from the state courts and give to the circuit courts of the United States the right and power to determine that question.

Had congress the constitutional power to do this? That is the question.

If congress had the power, then the order appealed from, denying the defendant's motion to remove the action and all proceedings therein to the circuit court of the United States, for the southern district of New York, should be reversed, and I think an order made directing such removal; if congress had not the power, then the order appealed from should be affirmed.

If no steps had been taken for the removal of the action

from this court, and the action should be tried in this court, and the question as to the constitutionality of the fourth section of the act should be decided adversely to the defendant by the court of appeals of this state, the supreme court of the United States would have final and conclusive appellate jurisdiction of the question. (*Const. U. S. Art.* 3, § 25, *of the Judiciary act;* 1 *Stat. at Large,* 85; *Cohen* agt. *Virginia,* 6 *Wheaton,* 204; *Miller* agt. *Nicholls,* 4 *Wheaton,* 311.)

Cannot congress give the circuit court of the United States original jurisdiction in any case to which this appellate jurisdiction extends?

In *Osborn* agt. *United States Bank* (9 *Wheaton*), cited by Judge LEONARD, Ch. J. MARSHALL said he could perceive no ground for saying that congress could not.

In that case one of the questions was, whether congress could constitutionally confer on the bank the right to sue and be sued "in every circuit court of the United States."

It was held that such a suit was a case arising under a law of the United States, consequently that it was within the judicial power of the United States, and congress could confer upon the circuit court jurisdiction over it.

See also *Curtiss' Com. on the Jurisdiction, &c., of the Courts of the United States,* §§ 12 *and* 13; the latter section, containing a quotation from another portion (*p.* 865) of the opinion of Chief Justice MARSHALL in *Osborn* agt. *The Bank of the United States,* apparently quite pertinent to the question in this case.

I concur, then, in the conclusion of Judge LEONARD, that congress had the power to direct the transfer to the circuit court of the United States.

Probably an order of this court directing such transfer is not absolutely necessary, but to make one would be in accordance with usage in like cases; and besides, such an order would be the best evidence of the determination of this court, that it no longer had jurisdiction of this action.

It appearing that the defendant has complied with the requirements of the act for such transfer, the order appealed from should be reversed, and an order made by this court for the removal of the action and all proceedings therein to the circuit court of the United States.

CLERKE, J., *dissenting*. I see nothing whatever in the arguments of my brethren, or in those of other judges on the same subject, to induce me to recede from the position which I have attempted to maintain at special term. They have all alike, in my very humble judgment, unaccountably overlooked the only point claiming consideration on this great constitutional subject.

According to the doctrine upheld by my brethren, we can scarcely conceive of any act committed by any officer of the general government under color of any authority derived from or under the President, which may not constitute a genuine, veritable case arising under the constitution of the United States, and which, therefore, may not rightly come within the cognizance of their judicial power. It is only necessary to claim that it was committed under color of that authority, and was, therefore, justified by the constitution, however monstrous and appalling the act may be, to make it, according to this doctrine, a case arising under that constitution. For, of course, according to the terms of the claim, the claimant appeals, through this remarkable statute, to the constitution for his justification, and, however, palpably frivolous such a claim may be—however palpably manifest may be the conviction that the constitution no more sanctions such an act, than it sanctions the burning of the capitol, the dispersion of congress and the shooting, imprisonment or exile of the men of whom it is composed, yet it is claimed to present a question, and, therefore, a case arising under the great charter of constitutional liberty in America, the perpetrator of the outrage making that a question, which is unquestionably no question ; and the judicial power of the state is ousted

of its legitimate jurisdiction. Thus, this extraordinary statute prescribes not only that the character, but the mere assertion, of the wrong-doer shall determine jurisdiction, and that the subject matter, which has been always held, except in cases affecting ambassadors, other diplomatic ministers and consuls, as alone the criterion of jurisdiction, shall be excluded from consideration. Surely, if this can be done by congress, the government of the United States of America is not as all men have heretofore supposed, incontestably a government of limited powers and duties, and is, if not one of unlimited powers and duties, nevertheless, of very accommodating expansibility. This is a novel and strange theory of development in America.

But, it is asserted, as the appellate power of the supreme court of the United States extends in certain cases to state tribunals, that this case would after judgment reach the federal jurisdiction, and that, therefore, it may as well be transferred to the United States circuit court before judgment. Even if the supreme court of the United States would entertain such a case on appeal, this is no controlling reason why it should, necessarily, be transferred to the United States circuit for adjudication in the first instance.

For, the only question to be determined by us on this motion is, whether congress has the power to transfer cases of this description to the circuit court of the United States, not whether, ultimately, it may reach the appellate jurisdiction of the United States supreme court. The act of congress, passed in 1789, " to establish the judicial courts of the United States," no doubt provides that a final judgment or decree in any suit in the highest court of law or equity of a state, where is drawn in question the validity of a statute of the United States, and the decision is against its validity, may be re-examined and reversed or affirmed in the supreme court of the

United States. But, it is too clear for controversy that the statute is an outrage on the constitution, if it is palpably usurpation, if it is plain to the most unlettered citizen, that the statute is an attempt to subvert all the securities which the founders of the government have provided for the preservation of personal liberty, and to invest one man with unlimited dictatorial power, and, therefore, that the appeal was palpably frivolous, I presume the court would hear no argument on such an appeal, and would, forthwith, affirm the judgment or dismiss the writ. Would they, for instance, hearken to an appeal involving the validity of an act of congress giving the president or any other member of the government power, by a *coup d'etat*, to extinguish the legislative branch, as Cromwell did the long parliament, and substitute a Barebone's legislature in its place? Surely not; if they, too, were not struck down, and were not (if said debasement can be imagined) by force, by fear, or by corrupt appliances or selfish aspirations robbed of independence. So that, the consideration, whether the act is not palpably void, must present itself on appeal as it now presents itself to us on this motion; and, if it is palpably void, I repeat, it would not be treated on appeal as worthy of being for a moment entertained. I still consider the defence in this case just as destitute of color as the case which I have imagined. Whether, under the pretext of authority from the President of the United States, any one citizen, at his mere will and pleasure, without any intervention of the judicial tribunals, can incarcerate another citizen not subject to military law, in a loathsome dungeon, for many months, or for a day or an hour, cannot, under any circumstances in which the nation may be placed, be treated as a question constituting a case arising under the constitution; and any statute which declares the contrary is palpably void.

The order at special term should be affirmed with costs.