## SUPREME COURT.

### John Benjamin agt. Robert Murray, and another.

The 4th and 5th sections of the act of congress, passed March 3, 1863, entitled " An act relating to *habeas corpus*, and regulating judicial proceedings in certain cases," are *unconstitutional and void.*

The President of the United States before the passage of this act had no power of irresponsible arrest at his will, and without process or color of law. This is *arbitrary power.* The President has no arbitrary power and *congress has none to give him.* It has no power to declare his order a defence to those who execute it, if not otherwise legal.

This court has *jurisdiction* in an action for a violation of the plaintiff's right to liberty, unless it is deprived of it by this act of congress. This is solely determined by the validity of the act itself; and it is the duty of the court to decide upon that question when properly brought before it.

It is not enough that this act of congress is sufficient constitutionally to confer jurisdiction upon the United States court. It must also be sufficient to destroy the jurisdiction of the supreme court of this state, before this court is authorized to turn the plaintiff over to the United States court for redress. (*The decision of the court in Jones agt. Seward, 26 How. Pr. R. 433, not concurred in.*)

*Brooklyn General Term, January,* 1865.

*Before* Lott, Scrugham *and* Barnard, *Justices.*

On the 25th August, 1862, the defendant Murray, who was then United States marshal for the southern district of New York, directed his co-defendant to arrest the plaintiff, which was done in the county of Suffolk, in this state, where the plaintiff resided, and the plaintiff was kept in prison some ten days. For damages for this arrest and imprisonment, the plaintiff has brought his action in this court, naming in his complaint Suffolk county as the place of trial.

The defendants by petition made application to this court, averring therein that on the 10th day of August, 1862, an order was made by the President of the United States, commanding all marshals to arrest and imprison any person who discouraged volunteer enlistments, or who gave aid and comfort to the enemy, or who were guilty of disloyal

practices. That they were informed and believe that the plaintiff did discourage volunteer enlistments, and that for that cause, and by virtue of said order of the President, they did arrest and imprison the plaintiff, and not otherwise ; and asking this court to make an order transfering this action to the circuit court of the United States for the southern district of New York, according to the provisions of section 5, of chapter 81, of laws of 37th congress, passed March 3, 1863. This application was denied at special term, and from this order the defendants appeal.

F. N. BANGS, *for appellants.*
A. J. PARKER, *for respondent.*

By the court, J. F. BARNARD, J. It is not claimed but that the surety offered was and is good and sufficient, and all forms required by the act of congress have been complied with, so that the sole question presented is whether the papers show " a case arising under the laws of the United States," which congress had the power to confer jurisdiction to try originally in the federal courts, and to remove the same from the jurisdiction of the state courts. No provision is made in this act of congress for the removal of the case by the action and order of the state court. The defendant is required to do certain acts, and file in Suffolk county certain papers, and the case is by force of the act of congress removed, and it is made the duty of the state court " to proceed no further in the cause in prosecution." If then the act is constitutional and valid, the action in this court is by the act itself removed without the assistance of this court, and no order is necessary.

But the order was denied on the merits of the application for the affirmative action of this court in the removal of the cause, and if it cannot stand upon the merits, it should be I think reversed, although the application need not have been made. By the 4th section of the act of

congress above referred to, it is provided that any order of the President of the United States, or under his authority, made at any time during the existence of the present rebellion, shall be a defence in all courts to any action or prosecution, civil or criminal, pending or to be commenced, for any search, seizure, arrest or imprisonment, by virtue of such order. By the 5th section of the above act, the suits pending or to be brought for acts done by order of the President, and when the order is made a defence therein, may be removed to the circuit court for the district of the United States in which the suit is pending in the state court. From these two sections the argument is made that the federal courts have an appellate jurisdiction in the action, if this law of congress is pronounced in this court ineffectual as a defence, and that congress may grant original jurisdiction upon the federal courts wherever they by the constitution can have appellate jurisdiction. There is great weight of authority in favor of both these positions. (*Osborn* agt. *United States Bank*, 9 *Wheaton*, 738; *Gelston* agt. *Hoyt*, 3 *Wheaton*, 246; *Ablemen* agt. *Booth*, 21 *How. U. S. S. C.* 520.)

The act of congress of March, 1863, did not confer upon the federal courts general jurisdiction to try actions for arrest by order of the President. It gave no power to any person to commence an action in such court. It provided for removal from state courts of actions then pending, and even judgments of state courts, and provided that the cause should " proceed therein (in the circuit court of the United States) in the same manner as if it had been brought in said court by original process, the judgment in such case notwithstanding." This cannot be said to confer original jurisdiction upon the circuit court of the United States. It is only a power to receive by force of law such suits as shall be commenced in state courts, without the power to permit a citizen to sue in the circuit court of the United States in the first instance. The order set up as the defence in this

case is general and not specific ; it directs no illegal arrest nor any arrest except of guilty persons, and the act of congress is not intended to cover such an arrest. If it be deemed specific, then I cannot concur in the conclusions arrived at by the court in *Jones* agt. *Seward* (26 *How. Pr. Rep.* 433). It is there stated that the court " had nothing to do with the validity of the law as a defence to the action. It is sufficient for the state court that the defence involves the construction and effect of a law of congress." This doctrine it seems to me is entirely erroneous. The plaintiff there like the plaintiff here has brought his action for a violation of his right to liberty ; they both come before a court of this state which has been established for the trial of such actions. The court has still jurisdiction unless it is deprived of it by this act of congress. This is solely determined by the validity of the act itself. It is not enough that the act is sufficient constitutionally to confer jurisdiction upon the United States court. It must also be sufficient to destroy the jurisdiction of the supreme court of the state of New York. If the act is unconstitutional it is void. It gives no right of arrest. It destroys no accountability for arrests made. It requires no court, it requires no person to obey it. It shields no person who executes it. The President, before this act had no power of irresponsible arrest at his will, and without process or color of law. This is arbitrary power. The President has no arbitrary power. Congress has none to give him. It has no power to declare his order a defence to those who execute it, if not otherwise legal. This surely requires neither argument nor authority. The 4th section is clearly unconstitutional. It was passed over six months after the plaintiff was arrested by the defendants. The 5th section is only constitutional because it requires a judicial construction of the 4th section. If the 4th section is unconstitutional and void, the 5th section is void also. If these two sections are unconstitutional, void, and of no effect,

must I not say so in this case, rather than send the plaintiff to another tribunal where the learned justices of the United States courts will so declare it. The case is here; a valid law will remove it, a void law will not. After the supreme court of the United States shall have declared this act of congress unconstitutional and void, what will this court do with actions involving it, according to the principle of *Jones* agt. *Seward?* Will it never again have the jurisdiction to try an action for assault and battery and false imprisonment, so long as it remains unrepealed, where an officer claims protection under it?

I think the order should be affirmed, with $10 costs.