Parker, J.
The fact that the defendant volunteered his agency, did not absolve him from the duty of fidelity in the relation of trust and confidence which he sought and assumed. The plaintiff was induced to purchase, at an extravagant premium, stock of the value of which he was ignorant, on the mistaken representations of the defendant, who professed to have none which he was willing to sell. This assurance very naturally disarmed the vigilance of the respondent; and he availed himself of the defendant’s offer, by authorizing him to buy at the price he named. The defendant did not buy, but sent him a certificate for the amount required, concealing the fact that he had not acted under the authority given, and that the stock transferred was his own.
There is no view of the facts in which the transaction can be upheld. The defendant stood in a relation to his principal which disabled him from concluding a contract with himself, without the knowledge or assent of the party he assumed to represent. He undertook to act at once, as seller and as purchaser. He bought as agent and sold as owner. The ex-parte bargain, thus concluded, proved advantageous to him and very unfortunate for his principal. It was the right of the latter to rescind it, on discovery of the breacn. of confidence.
*418 It is not material to inquire whether the defendant had any actual fraudulent purpose. The making of a purchase from himself, without authority from the plaintiff, was a constructive fraud, in view of the fiduciary relation which existed between the parties. In such" a case, the law delivers the agent from temptation, by a prcesumptio juris et de jure, which good intentions are unavailing to repel. It is unnecessary to state our views more fully on this question, as it is fully and ably discussed in the opinion delivered by Judge Bacon, in the court below; and his conclusions are abundantly fortified by authority. (Gillett v. Peppercorne, 3 Beav., 78; Story Ag., § 214 Michoud v. Girod, 4 How. U. S., 555; Davoue v. Fanning, 2 John. Ch., 268-270; Moore v. Moore, 5 N. Y. [1 Seld.], 262; N. Y. Central Ins. Co. v. National Protection Ins. Co., 14 N. Y. [4 Kern.], 91; Gardner v. Ogden, 22 Id., 347.)
The objection that this theory is inconsistent with that stated in the complaint is not sustained by the record. The essential facts are alleged, and the appropriate relief is demanded. The fact that the complaint alleged other matters which the plaintiff failed to. establish impairs neither his right nor his remedy. Titile per inutile non vitiatur.
The order of the Supreme Court should be affirmed, with judgment absolute for the respondent.
All the judges concurred.
Judgment accordingly