firm, and that *Austin Ledyard*, one of the firm of Austin Ledyard & Co. indorsed the same with the name of that firm. The question submitted by the parties is, whether the evidence supports the aver-ments contained in the declaration.

We have no doubt that the averments were suffi-ciently supported by this evidence. It was not ne-cessary to set forth, that one of the partners of each of the firms, made and indorsed the note in the name or style of the respective partnerships. Although made and indorsed by one of the partners of each house, the legal effect was the same, and it is in all cases sufficient to set forth a writing according to its legal effect or operation. We are, therefore, of opin-ion, that the plaintiffs are entitled to judgment.

### *John J. Arjo* v. *Joaquim Monteiro.*

BY THE COURT. If an alien defendant file his petition, &c. to remove the suit into the circuit court of the *United States*, at the time of filing special bail, he is in season, though the bail may have been ex-cepted to.

### *Jackson, on the demise of Hogeboom,* v. *John Stiles, Austin Griffin, tenant in possession.*

A TITLE to the premises in question had been awarded to the lessor of the plaintiff by the commis-sioners appointed to settle disputes to land, in the county of *Onondago*, and he had served declarations on the tenants, with the usual notices annexed. The declarations, however, contained blanks for the towns