ALBANY,
Jan 1815.

KANE
v.
SMITH.

KANE AND KANE *against* SMITH AND ANOTHER.

Where, by an agreement between A. and B., A. is to furnish cargoes for a particular adventure, for which he is to be reimbursed by B., and is to be allowed to make insurance thereon, and charge the same to B., he can only charge the premiums of insurance actually paid, and not for premiums on adventures which had never been insured.

Interest is chargeable on a balance of accounts, only from the time that the party against whom the charge is made has notice of the deficiency on his part.

THIS cause had been referred, by consent; and the report of the referees, with the account furnished by them as containing the statement on which their report was founded, was submitted to the court, to strike out such items as they should deem erroneous, and to confirm the report as to the residue, and to modify and amend it as they should judge proper.

The facts of the case, and the agreement on which the action was founded, are so fully stated in the opinion of the court, that it will be unnecessary to repeat them in this place.

The objections made by the defendant to the report, were,

1. That the referees had admitted charges for premiums of insurance on adventures, which the plaintiffs had not, in fact, caused to be insured.

2. That they had allowed for interest previous to a settlement of accounts, and a balance struck between the parties.

*Griffin*, and *T. A. Emmet*, for the plaintiffs.

*T. L. Ogden*, and *D. B. Ogden*, for the defendants.

THOMPSON, Ch. J. delivered the opinion of the court. The objections to the report of the referees relate to charges for premiums of insurance made by the plaintiffs against the defendants, and to the interest account. It is necessary, for the purpose of correctly judging of the propriety of these charges, to ascertain the agreement between the parties relative to the adventure. This is to be collected from the proposals made by the plaintiffs, and the defendants' answers thereto, and which would seem to be, substantially, as follows:

The plaintiffs, being merchants in *New-York*, and the defendants, merchants in *Madeira*, the former were to send out a vessel to *Madeira*, to take to the *East Indies* a cargo of wine, to be furnished by the latter. The plaintiffs were to advance, by cargoes to be sent to *Madeira*, the amount of two thirds of the invoice price of the wines, part of which were to be sent out by the vessel that was to take the wines to the *East*

*Indies,* and the residue to be sent as ordered by the defendants. The defendants were to pay all charges and expenses on the shipments from *America* to *Madeira,* and three pounds sterling per pipe as freight on the wine from *Madeira* to the *East Indies,* the plaintiffs to be allowed to make insurance on the wines, and charge the same to the defendants ; a commission to be allowed the plaintiffs on sales of wines in *India,* they to be reimbursed out of the net proceeds of the wines for their *advances,* and for the surplus of such proceeds to furnish other cargoes to the defendants, or bills on *London,* allowing interest from the time of the sale in *India,* on the overplus; and should the wines not net sufficient to pay the advances, the defendants were to make up the deficiency. It is obvious, however, from the whole tenor of the agreement, that the parties calculated that the wines would net more than the advances to be made by the plaintiffs.

Under this agreement, the plaintiffs sent out to *Madeira,* by the ship *True American,* a cargo to the amount of 29,577 dollars and 42 cents ; and, afterwards, by the *Phœbe,* to the amount of 7,579 dollars and 50 cents. The net proceeds of the wines sent out by the defendants, on board the *True American,* amounted only to about 33,000 dollars, which, contrary to the expectation of the parties, was not sufficient to reimburse the plaintiffs for their advances.

The principles upon which the report of the referees appears to have been made, seem to me not fully warranted by the agreement, in relation to this adventure, according to a fair and reasonable interpretation. Although the agreement attached to the case, authorizes the court to modify the report, in case we should consider it incorrect, we shall only lay down the principles upon which the items objected to are to be settled, and leave the calculation to be made by the parties.

1. The first objection relates to the premiums of insurance; with respect to which, we think that the defendants are chargeable with all premiums *actually* paid by the plaintiffs, and no more. It is unnecessary to say, in this case, in whom the right of property in the cargoes was vested, on the voyage from *New-York* to *Madeira.* It is, at all events, clearly to be collected from the agreement, that if the cargoes arrived safe at *Madeira,* the plaintiffs were to be reimbursed for all advances made therefor, and to have a commission upon the purchases.

The cargoes did arrive safe, and whatever was actually paid as premiums of insurance is a fair charge against the defendants. They have received the cargoes, and had the benefit of them, and they cannot expect to have the goods without paying the insurance, which is a fair and usual mercantile charge. With respect to the premiums of insurance upon the wines from *Madeira* to the *East Indies*, there can be no doubt but that the defendants are bound to pay them. They fall expressly within the agreement. It was stated by the defendants' counsel on the argument, that several thousand dollars had been allowed by the referees for advances as premiums, which had never been made. If this be so, the report is, thus far, incorrect. No more is to be allowed than was actually paid. The plaintiffs are not authorized to consider themselves insurers, and charge the premiums, unless insurance was actually made. This would not be a fair interpretation of the agreement. The adventure, or speculation, held out advantages to both parties; the profits, however, were, in some measure, uncertain. The defendants received, in advance, two thirds of the amount of the prime costs of their wines. The plaintiffs were to have freight for their vessels both to *Madeira* and out to the *East Indies*, and were to have the proceeds of the wines in the *East Indies*, to invest in such return cargo as they thought proper. Under these circumstances, the agreement ought to receive a liberal interpretation.

2. With respect to the interest, we think it ought to be calculated upon the balance of accounts only, from the time the deficiency was ascertained and notified to the defendants; and there is no evidence to show that the defendants were ever apprized of any deficiency, until the year 1810, when an agent was sent to *Madeira* to settle the accounts. The wines went out in the plaintiffs' vessel, under the charge of a supercargo in their employ. It was they alone who could ascertain the net proceeds of the wines, and it was their duty to furnish the defendants with accounts of sales, and show the balance due. The agreement provides, that, in case the wines should not net sufficient to pay the advances, the defendants were to make up the deficiency. This, however, is stated, in the agreement, to be an unexpected event; and it could not, therefore, have been within the contemplation of the parties, that interest was to be calculated at all: and the defendants could not be deem-

ed in default until the balance was ascertained and notified to them. The advances made by the plaintiffs did not amount to two thirds of the invoice price of the wine, by a large amount. The defendants could not, under these circumstances, be deemed in default, for not paying the balance until demanded.

We are, accordingly, of opinion, that the report must be so modified, as to charge the defendants with all premiums actually paid, and no more ; and interest to be calculated on the balance, only from the time the account of sales of wine was presented to the defendants, and the balance demanded, which appears to have been some time in the year 1810.