VAN WINKLE v. The JENNY LIND. See Case No. 7,287.

VAN WORMER (HAILES v.). See Case No. 5,904.

VAN ZANDT (DAVIS v.). See Case No. 3,-656.

VAN ZANDT (JONES v.). See Cases Nos. 7,501–7,505.

## Case No. 16,884.

### VAN ZANDT v. MAXWELL.

[2 Blatchf. 421.] [1]

Circuit Court, S. D. New York. Sept., 1852.

REMOVAL OF CAUSES—CERTIORARI—FORFEITURES—INFORMERS.

1. A collector who withholds from an informer the proceeds of goods condemned as forfeited for a breach of the revenue laws, can, when sued for such proceeds, by such informer, in a state court, remove the action by certiorari into a circuit court of the United States, under section 3 of the act of March 2d, 1833 (4 Stat. 633).

[Cited in Eaton v. Calhoun, 15 Fed. 157.]

[Cited in McCormick v. Humphrey, 27 Ind. 150.]

2. Whether, when such an action is improperly removed, the plaintiff can, upon a motion, have it remitted to the state court, quere.

The plaintiff [William T. Van Zandt] brought an action in the superior court of the city of New York, to recover the sum of $1,750, part of the proceeds of merchandise imported from a foreign country into the port of New York, and condemned as forfeited to the United States for a breach of the revenue laws, and which sum the plaintiff claimed as due to him because he was the informer on whose information the goods were seized and condemned. The defendant [Hugh Maxwell], being at the time collector of the port, brought a certiorari, pursuant to the provisions of the third section of the act of congress of March 2d, 1833 (4 Stat. 633), upon which the cause and proceedings were removed into this court. The plaintiff now moved for a remittitur of the cause to the state court, for want of jurisdiction in this court over the subject-matter, insisting that the action was against the defendant in his private capacity, for withholding money due to the plaintiff, and was not founded on any act of the defendant in his official character as collector of the port.

Benjamin F. Butler, for plaintiff.

J. Prescott Hall, Dist. Atty., and William M. Evarts, for defendant.

Before NELSON, Circuit Justice, and BETTS, District Judge.

BETTS, District Judge. The defence to this motion is, that the suit is brought against the defendant for acts done by him as collector, and is, by the act of congress, made subject to the jurisdiction of this court. An objection is also raised, on the part of the defendant, that the proceedings by the plaintiff are irregular, and that he cannot by motion apply to have the case remitted to the state court. We do not consider the point of practice raised by this latter objection, our opinion upon the merits being in favor of the position taken by the defendant.

The provisions of the third section of the

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

act of March 2d, 1833, which is applicable to the question before us are, "that in any case where suit or prosecution shall be commenced in a court of any state, against any officer of the United States or other person, for or on account of any act done under the revenue laws of the United States or under color thereof, or for or on account of any right, authority or title set up or claimed by such officer or other person under any such law of the United States, it shall be lawful for the defendant in such suit or prosecution, at any time before trial, upon a petition to the circuit court," to have certain measures taken for removing the case to that court, and that then the said suit or prosecution "shall be deemed and taken to be moved to the said circuit court," &c.

We think that the act of the defendant which is the foundation of this suit was either an official one done by him in the character of collector, under the revenue laws, by deciding that the plaintiff was not a party entitled to share in the forfeiture claimed by him, or was, under the alternative in the statute, a right, authority or title set up by the defendant, under the revenue laws, to withhold from the plaintiff the distribution of the forfeiture and to dispose of it otherwise. The 90th section of the revenue act of March 2d, 1799 (1 Stat. 696), directs the amounts of sales (deducting charges) of all ships or vessels, goods, wares or merchandise condemned by virtue of that act, to be paid to the collector of the district in which the seizure or forfeiture has taken place. The 91st section (Id. 697) directs the disposition of forfeitures, fines and penalties by the collector, to be one-half to the use of the United States, to be paid into the treasury, the other moiety to be divided in equal proportions between the collector, the naval officer and the surveyor of the port, provided that when fines, penalties or forfeitures shall be recovered in pursuance of information given to the collector by any person other than the naval officer or surveyor of the district, the one-half of such moiety shall be given to such informer, and the remainder thereof shall be disposed of between the collector, naval officer and surveyor, in manner aforesaid.

It is obvious, upon the face of the statute, that the collector takes into his possession the moneys derived from forfeitures, and holds and disposes of them, in his official character alone. He acts under the law, or assumes to act under it, in determining the amount receivable by himself, the naval officer and the surveyor, and in making distribution thereof according to such determination, no less than in receiving the money from the clerk of the court, or depositing a moiety of it in the treasury to the credit of the United States. Neither the United States, nor the naval-officer, nor the surveyor would be legally concluded by the decision or act of the collector in respect to the division and disposition of forfeitures, and may hold him responsible for any misappropriation or any neglect of the requirements of the law. Still, his proceeding under the act of 1799 will have been official, and must be reviewed or tried according to the provisions of law applicable to official acts. The act of March 2d, 1833, goes still further, for it gives the character of official acts not only to things actually done by an officer of the United States under color of the revenue laws, but also to those done under a claim by him of a right or authority derived from those laws.

We think it a mistaken view of the position of the collector, to regard his official relation to the proceeds of a forfeiture as ended when they are placed in his hands. The statute imposes the further duty on him to make disposition of those proceeds in a particular manner, and, in executing that duty in one way or another, he acts under the authority of the revenue law, whether he adopts a right or a wrong interpretation of it. If he decides that an informer or an officer of a revenue cutter is entitled to share in the distribution, the naval-officer or the surveyor prejudiced by that decision cannot assert that the collector has proceeded in his individual capacity only, and can claim no protection for the act as an official one. The law has placed the fund under his control in his official character, and has required him to act as collector in the disposal of it. Most palpably he would, in such a case, be deemed to have acted under the revenue laws or under color thereof; or would be held to set up or claim a right or authority under those laws to have so acted. No less must he be regarded as acting upon his authority or right as collector, in determining whether the plaintiff was an informer and entitled to demand a share of the forfeiture received by the collector, within the meaning of the revenue laws.

Nor do we accede to the argument of the plaintiff's counsel, that the defendant cannot transfer this cause to this court for the reason that he is sought to be charged in it as a wrong-doer, in withholding moneys to which the plaintiff has a legal title. That doctrine would nullify the provisions of the act of 1833, because, in every case of prosecution against a collector or other revenue officer, the action seeks to charge such officer with a personal liability for acts asserted to have been done wrongfully and without authority of law. Especially is that so in respect to the collector, when he is sued to recover from him duties levied and exacted on the importation of goods; for, he is then always charged as a wrong-doer for having obtained and withheld moneys belonging to the plaintiff, and which he had no right to demand or detain.

The purpose of the act of 1833 was to place the jurisdiction over those questions between individuals and revenue officers, in

the circuit courts of the United States, to the exclusion of state courts, and we think the present case is one which falls directly within the purview of that statute. The motion is, accordingly, denied.

VAN ZANDT (UNITED STATES v.). See Case No. 16,611.

VAN ZANDT (WILLIAM v.). See Case No. 17,685.

VAPORISOR (UNITED STATES v.). See Case No. 10,537.

VARDEN (MOFFIT v.). See Case No. 9,689.

VARDEN (TAYLOE v.). See Case No. 13,-771.

VARDEN (VOSS v.). See Case No. 17,016.

VARN (GOODING v.). See Case No. 5,539.