## Ex parte GROOM.

1. *Transfer of cause from State to Federal court.*—The 12th section of the judiciary act of 1789, which makes provision for the transfer of a cause, from the State court in which it originated, into " the next *circuit* court·[of the United States] to be held in the district where the suit is pending," does not authorize the transfer of such cause into the Federal *district* court, although that court exercises some of the powers of a circuit court; consequently, where the application asks the removal of a cause into " the next circuit court of the United States to be held for the district where said suit is pending, to-wit, the middle district of the State of Alabama," and is accom· panied by an offer of good security for the defendant's personal appearance "in the circuit court of the United States to be held for the middle district of the State of Alabama," the application is properly refused. (BYRD, J., *dissenting*,held the application sufficient.)

APPLICATION by Benj. B. Groom, for a writ of *mandamus* to the circuit court of Montgomery, Hon. GEORGE GOLD-THWAITE presiding, to compel that court to transfer to the proper Federal court a cause therein pending, between Frederick H. Cobb as plaintiff, and said Benjamin B. Groom as defendant. The action was commenced by original attachment, on the 20th November, 1866, and was founded on an alleged deceit in the sale of several mules by the defendant to the plaintiff. The plaintiff was a citizen of Alabama, and the defendant a citizen of Kentucky; and the damages claimed in the suit were eight thousand dollars. The circuit court overruled and refused the application for the removal of the cause, and the petitioner reserved a bill of exceptions to its ruling and decision ; and he now applies to this court for a *mandamus*, requiring the circuit court to transfer the cause as prayed.

WATTS & TROY, for the motion.
ELMORE, KEYES & MORRISSETT, *contra*.

A. J. WALKER, C. J.—An application was made for the removal of a cause from the circuit court of Montgomery county, into the circuit court of the United States for the district where the suit is pending. The application was accompanied by an offer by the applicant of "good and sufficient surety for his entering into the circuit court of the United States, to be held *for the middle district of the State of Alabama*," &c. This application was made under the 12th section of the judiciary act of 1789. That act requires, that the removal should be made into the " next circuit court to be held in the district where the suit is pending." The removal is required to be made into the circuit court, designated *eo nomine*. The district court of the United States is not the circuit court, although it may exercise the powers of a circuit court; and there is a clear distinction observed in the acts of congress, between the circuit courts and the district courts, notwithstanding they may exercise some of the powers of the circuit court. There is, therefore, no warrant in the law for the removal of this cause into the district court of the United States for the middle district of Alabama. The fifth circuit of the United States is composed of the " districts of Georgia, Florida, Alabama, Mississippi, Louisiana, and Texas." A circuit court for the district of Alabama is held at Mobile,—a single place within the State. There is, therefore, a circuit court for the district of the State of Alabama. There is no such court as 'a circuit court for the middle district of Alabama. The petitioner, in offering to give surety for entering the cause in the circuit court for the middle district of the State of Alabama, did not offer to comply with the act of congress, which requires that he should offer good and sufficient surety for his entering copies of the process, appearing, &c., in the circuit court for the district of the State of Alabama.

The present application was properly overruled. If the application had been accompanied with an offer to enter the process, appear, &c., in the circuit court for the district of the State of Alabama, it ought to have been granted.

The application for a *mandamus* is refused.

BYRD, J.—I concur in the opinion of the court, except that I hold that the circuit court of the United States for the State of Alabama includes the middle district of Alabama, and is therefore, in contemplation of law, the circuit court for that district. I think that the application is sufficiently definite for all practical purposes.