Blatchford, J.
I concur in the views of Mr. Justice Nelson, and in the result that the motion of the plaintiff to remand the cause to the State court must be denied.
Order accordingly.
Note.—This decision, although not made hy a court of this State, determines the practice in the State courts, in proceedings there for removal of causes to the courts of the United States; and on account of its importance to practitioners in the State courts, it is here re *464 ported. The following summary of the cases which have arisen in State courts will be of interest in connexion with it.
It has generally been held, under the previous acts of Congress, that the jurisdiction must attach as to all parties in order to authorize the removal. Miller v. Lynde, 2 Root, 444 ; Heirs of Ludlow v. Heirs of Kidd, 3 O., 48; Hubbard v. Northern R. R. Co., 25 Vt., 715; Tibbatts v. Berry, 10 B. Monr., 473, 490.
Troubat & Haly's Practice, Wharton's Ed., p. 161, says, If there are two defendants, the petition must be by both, or the cause cannot be removed.
The following cases further illustrate this rule :
To authorize the removal of an action from a State court to a circuit court, under the judiciary act, all the plaintiffs must be citizens of the State in which the suit is brought, and all the defendants must be citizens of some other State or States. 2nd Circ. (Vt.), 1858, Hubbard v. Northern R. R. Co., 3 Blatchf., 84; S. C., 25 Vt., 715; and 7 Law Rep. N. S., 316. S. P., 7th Circ. (Ind.), 1848, Wilson v. Blodget, 4 McLean, 363.
If there be two defendants in the State court, the cause cannot be removed into the circuit court upon the petition of one of the defendants. 3rd Circ. (Pa.), 1822, Beardsley v. Torrey, 4 Wash. C. Ct., 286. S. P., 2nd Circ. (N. Y.), 1825, Ward v. Arredondo, 1 Paine, 410. See Smith v. Rines, 2 Sumn., 238.
The complainant in a bill of interpleader is not, before being discharged by a decree that the defendants interplead, to be deemed a mere nominal party; and though the defendants are citizens of different States, the cause cannot be removed to the United States court before such decree, if one of the defendants is of the same State with the complainant. [1 Paine C. Ct., 410.] V. Chanc. Ct., 1833, Leonard v. Jamison, 2 Edw., 136.
The provisions of the judiciary act, relative to the removal of causes from State to Federal courts, do not authorize a removal of an action brought against more than one defendant, if any defendant is a citizen of the State in which the action is brought. N. Y. Supreme Ct. Sp. T., 1868, Fisk v. Chicago, Rock Island & Pacific R. R. Co., 3 Abb. Pr. N. S, 453; S. C.. 53 Barb., 472.
In applying acts of Congress authorizing removal of a cause in which the “plaintiff” or “defendant” is a citizen, to a case in which several persons are plaintiffs or defendants, it is requisite that all the plaintiffs or defendants should be citizens. Ib.
A resident of another State, sued in the courts of this State, is not entitled to a removal of the cause to the United States courts, under *465 the act of 1789, § 12, if the plaintiffs are not citizens of this State. N. Y Com. Pl. Sp. T., 1864, Smith v. Butler, 38 How. Pr., 192.
In an action of tort against several, one only being served, and the others returned not found, the one served may alone petition for a removal. N. Y. Supreme Ct., 1847, Norton v. Hayes, 4 Den., 245.
Who may move. The name of one defendant cannot be struck out on motion of the other, without notice to the former; but where the latter is a citizen of another State, and there is no joint trust, interest, duty, or concern, in the subject-matter of controversy, he may be allowed to appear and defend alone, so as to enable him to remove the cause. Chancery, 1819, Livingston v. Gibbons, 4 Johns. Ch., 94.
If the capias is served on one only, all the defendants must appear in the State court, when asking for a removal of the cause. Instead of putting in special bail, they may give security to appear and put in bail in the United States court. N. Y Supreme Ct., 1845, Suydam v. Smith, 1 Den., 263.
Where a bill in chancery was filed in a State court by a citizen of that State, against parties some of whom resided in that State and some in another State, and the latter removed the cause into the circuit court of the United States, and that court, after answer filed, remanded it to the State court, and the real parties in interest were those residing out of the State,—Held, that the order remanding the cause to the State court was erroneous. U. S. Supreme Ct., 1855, Wood v. Davis, 18 How. U. S., 467.
Under the judiciary act, which authorizes the “ defendant ” to file his petition for the removal of the cause,—the persons who compose the party defendants should join in the petition, and one party defendant should not be permitted to change the jurisdiction without the consent of his co-defendants, for if the petition succeeds the whole cause must be removed. It cannot be removed in part. If it go, it must go as a whole. “ The right to question the jurisdiction is personal to the very parties over whom it is alleged the court has no jurisdiction. Their co-defendants cannot plead it, or demur, or move to dismiss.” [4 Ga., 592.] Under the act of Congress of 1789, all the parties defendants, who have been brought before the court, by service, in any manner, must join in the petition to remove the case from the jurisdiction in which it was instituted, and that one defendant cannot transfer the jurisdiction for any other, any more than he could for that other, object to the jurisdiction., Bryan v. Ponder, 23 Ga., 480.
To authorize a transfer of an action, in which there are several defendants, from a State court to the United States court, under, the provisions of the judiciary act of 1789, on the ground of the alien- *466 age of parties defendant, all of the defendants must be within the description of the persons entitled to a transfer, and all must join in the application. Calderwood v. Hager, 20 Cal., 167. Opinion by Field, Ch. J.
If all the defendants have been served and have appeared, all must join in the petition for a removal. Shelby v. Hoffman, 7 Ohio St., 450.
Where the jurisdiction of a court depends on the party, it is the party on the record only that the court will look at. Sharps’ Rifle, &c. Co. v. Rowan, 34 Conn., 329.
In a suit brought in a State court of Wisconsin, by a citizen of the State of Hew York, as trustee of a married woman who was a resident of Wisconsin, against a citizen of Illinois, an application by the defendant, under the judiciary act of 1789, for a removal of the cause into the United States court, on the ground that the married woman was the real party in interest,—Held, to be properly denied. Mead v. Walker, 15 Wis., 499.
A party plaintiff, who, although not indispensable to the maintenance of a bill in equity, is nevertheless entitled on the face of the bill to a decree, cannot, for the purpose of removal, be regarded as no party to the bill. It seems, that the criterion of a mere nominal party, for such purpose, is, whether the party is entitled or subject to a decree. Therefore, where such a party was co-plaintiff with others, but not, like them, a citizen of the State in whose court the suit was brought, his presence was held fatal to a petition by the defendants for the removal of the cause into a circuit court of the United States, although, but for this objection, they would have been entitled to remove it. James v. Thurston, 6 R. I, 428.
A Massachusetts creditor had obtained an execution in the courts of Rhode Island, against his debtor, who was a citizen of the latter State. An assignee of the debtor, for the benefit of his creditors, who was a citizen of Rhode Island, filed a bill in the court of the latter State against the creditor who had obtained the execution, and against the officer who was also a citizen of Rhode Island, charged with the service df it, to establish his trust, and to enjoin the sale of the trust property levied upon by the execution. Upon a petition by the execution creditor to remove the bill into the circuit court of the United States for the Rhode Island district,—Held, that the officer was not a formal, official, or necessary party to the bill, so that his being a co-defendant could be disregarded by the court in considering whether the applicant was entitled to the jurisdiction which he invoked ; and that the petition must be dismissed. Hye v. Hightengale, 6 R. I., 439.
*467 Alienage. In a suit between aliens, the declaration by the plaintiff of his intention to become a citizen of the United. States does not entitle the defendant to a mandamus, to have the cause removed to the United States court. Such alien does not become entitled, until the final naturalization oath has been taken, to the right of citizenship necessary to give jurisdiction to the United States in such a case. [Citing 4 Dallas, 12; 4 Cranch, 46; 5 Id., 303 ; 2 Peters. 136 ; 3 Wallace Jr., Bright. Dig., 9, note h.] Orosco v. Gagliardo, 22 Cal., 83.
Counter-claim. Where the plaintiff in an action, after the filing of a counter-claim by the defendant, a municipal corporation, dismissed his suit, and then asked for and obtained an order transferring the action to the United States circuit court,—Held, that as the plaintiff had elected to bring his suit in the State court, he had no right, under the judiciary act of 1789, to have it transferred ; the right to remove, in cases like this, being confined to suits commenced in the State courts “against an alien, or by a citizen of the State in which the suit is brought, against a citizen of another State.” City of Aurora v. West, 25 Ind., 148.
The question whether corporations are citizens within the rule has given rise to some conflict of decision, but it may now be deemed settled, upon the authority of the later decisions of the supreme court of the United States, in reference to the application of rules of jurisdiction to corporations, that a corporation created by the law of any State is conclusively presumed, for the purposes of jurisdiction, to be composed of citizens of such State ; and the right of the corporation to the removal of an action against it from the court of any other State to a court of the United States, is not affected by the fact that it had appointed, within the State where the suit was brought, an agent for the service of process on it, according to the laws of such State, nor by the fact that a portion of its directors reside within such State. [34 N. Y., 205; 3 Abb. Pr. N. S., 357 ; 3 Metc. 564.] Ct. of Appeals, 1869, Stevens v. Phoenix Ins. Co., 41 N. Y., 149; reversing 24 How. Pr., 517 ; Supreme Ct. Sp. T., 1868, Fisk v. Chicago, Rock Island, &c. R. R. Co., 3 Abb. Pr. N. S., 453; S. C., 53 Barb., 472.
A corporation created by the laws of one State, and having its principal place of business and holding its meetings there, must be regarded, for purposes of jurisdiction, as a citizen of that State, although its business consists of traffic between that State and another. [Reviewing cases.] N. Y. Superior Ct., 1868, Kranshaar v. New Haven Steamboat Co., 7 Robt., 356.
A railroad corporation of one State, which is authorized by a law of another State to extend its track into the latter, and do business therein, is still a citizen of the former, and not of the latter State. *468 N. Y. Com. Pl., 1856, Dennistoun v. N. Y. & New Haven R. R. Co., 1 Hilt., 63 ; S. C., 3 Abb. Pr., 415, 278.
A suit brought by aliens, jointly with a citizen of the State, against one who is a citizen of the United States and of another State, is not removable under the act. Ib.
A corporation is a citizen, within the meaning of section 13 of the judiciary act, authorizing the removal of causes. 2nd Circ. (N. Y.), 1863, Barney v. Globe Bank, 3 Am. Law Reg. N. S., 221.
In an earlier case it was held that an action in which a corporation is a party, if some of the corporators are citizens of the same State with the adverse party, cannot be removed. [3 Cranch, 367; 5 Id., 57, 61; 1 Wheat., 91; 3 Id., 591.] Chancery, 1831, North River Steamboat Co. v. Hoffman, 5 Johns. Ch., 300.
Actions commenced in the courts of this State, by one foreign corporation against another, cannot be removed under the act of'1789. N. Y. Supreme Ct., 1866, Ayers v. Western R. R. Corp., 48 Barb., 133; S. C., 33 How. Pr., 351
But where the assignee of a foreign corporation, suing another foreign corporation, is a citizen of this State, the action may be removed,—provided the claim is of such a nature that the United States can take cognizance of it. Ib
A joint stock company, having power by the law of a State to sue or be sued in the name of an officer representing it, is to be regarded, in a suit so brought, as a citizen of the State the law of which confers the power; this is upon the principle applied to corporations. N. Y. Supreme Ct., Fargo v. McVicker, 38 How. Pr., 1.
Proceedings against joint debtor's where a part only are served, give rise to an exception.
In Vandevoort v. Palmer (4 Duer, 678), it was held that in an action against partners the one defendant who is served may petition and give bond alone. But the decision was put expressly upon the ground that under the New York statute the plaintiff could proceed to judgment without bringing m any other defendant.
In Norton v. Hayes (4 Den., 245), it was held that in an action oí tort against several, one only being served and the others returned not found, the one served might alone petition and give bond for a removal.
But the decision was put expressly upon the ground that the plaintiff having filed a declaration on service of one tortfeasor, only, without taking any steps to bring in the others, the action had become an action against the one served, as sole defendant.
In another case the plaintiff, a resident of this State, sued in a State court three defendants, of whom one was also a resident of this State, *469 and the other two were residents of other States. The action was upon joint indebtedness; and upon service of summons on the resident defendant alone, plaintiff obtained judgment against all, and afterwards served the other defendants with summons to show cause why they should not be bound by the judgment, under section 375 of the Code. Held, that the defendants, so summoned, were not entitled to have the cause removed into a Federal court, on the ground of their residence. Such proceeding is not a new action against only the defendants so served, but is a further proceeding in the old action; and where there are several defendants, real parties in interest, each of them must be a resident of a different State from that of the plaintiff, to entitle a defendant to have the cause removed to a Federal court. [14 Pet., 60; 4 McLean, 363; 1 Paine, 401.] N. Y. Superior Ct. Sp. T., 1859, Fairchild v. Durand, 8 Abb. Pr., 305.
Special and equitable proceedings. Another exception has been sometimes recognized in the case of equitable proceedings somewhat peculiar and special in their nature, where it has been held that the courts of the United States will decline jurisdiction in cases where the courts of a State are acting in their ordinary jurisdiction as courts of equity,—e. g., in the case of directing an administrator in the execution of his trust,—where the right of citizens of the State as well as of non-residents are involved, and the non-residents are made parties in the mode pointed out by the laws of the State.
In such a case the United States courts will adhere strictly to the rule which leaves to the court which first takes jurisdiction of the matter its final decision. U. S. Circuit Ct. Md., (1856 ?) Presbyterian Church v. White, 4 Am. Law Reg., 526.
Section 13 of the act of 1789, does not authorize removal of suits in progress from an inferior to a superior court of the State, nor does it apply to proceedings for the probate of a will. Tibbatts v. Berry, 10 B. Monr., 473, 490.
A suit in equity to enjoin defendant from prosecuting an action which he has brought in a court of law of the State, is in reality an equitable defense to his action, and he is not entitled to have it removed. Mo proceeding should be removed unless the United States court has jurisdiction of the subject matter, and power to do substantial justice between the parties. Chancery, 1838, Rogers v. Rogers, 1 Paige, 183.
The petition, or affidavit. In reference to the petition and its contents, the following decisions have been made, in which it will be seen there is some conflict, arising chiefly out of the difference in the practice in different States.
A suit at law cannot be transferred from the State to the United *470 States courts, whether before or after judgment, merely by consent of the parties. Rodman v. Davis, 8 Jones Law (Ky.), 134.
To entitle an alien to remove his suit under the act of 1789, he must comply with the requirements of that act. It is not a compliance with the law to file an exception to the jurisdiction of the court, with a demand for a dismissal of the action, by the defendant, without a petition made by him at the time of his appearance, for the removal of the cause to a court of the United States, and no offer of a surety for his entering the case in that court at the proper time. Webre v. Duroc, 15 La. An., 65.
In a petition to remove a cause from a State to a Federal court, under section 8 of the act of Congress of March 3, 1863, the burden is upon the petitioner to make out affirmatively that the case he seeks to remove is of the class described in the act.
And it is enough to bring the case within this act, if he makes out an ostensible or colorable authority of president or Congress. Hodgson v. Millward, 3 Grant's Cas. (Pa.), 412.
To entitle a defendant, who is sued for trespass, to a removal of the action from a State court to a court of the United States, under the act of Congress of March 3, 1863,—which provides that any action commenced in any State court against any person, for an act done at any time during the rebellion, by virtue or under an authority from, or exercised by or under the president of the United States or any act of Congress, upon the filing by the defendant of a petition stating the acts and verified by an affidavit, &c.,—it must appear by his own affidavit of facts that the case comes strictly within and is embraced by the act.
And if he permits counter-affidavits to be filed without objection, he must abide the legal result of the issue made by their presentation, Short v. Wilson, 1 Bush (Ky.), 350.
The petition must not only state the facts mentioned in the statute, but also every other fact necessary to show that the circuit court would have jurisdiction. Calcord v. Wall, 2 Miles, 459.
The affidavit, on moving to remove a cause into the United States circuit court, must state that the party is a citizen of another State. To say that he is a resident is not enough. N, Y. Supreme Ct., 1808, Corp v. Vermilye, 3 Johns., 145.
The court must be satisfied as to the petitioner’s alienage or citizenship in another State, as well as in «respect to the amount in controversy. N. Y. Superior Ct. Sp. T., 1858, Disbrow v. Driggs, 8 Abb. Pr., 305, note.
Averment of “residence" instead of citizenship is a fatal defect *471 Eastin v. Rucker, 1 J. J. Marsh., 232. S. P., Beebe v. Armstrong, 11 Mart., 440.
Under the act of 1789,—that if a suit be commenced against, a citizen, &o.,—it is essential that the petition allege that defendant was a citizen at the time the action was commenced. Alleging citizenship at the present time is not enough. Savings Bank of Cincinnati v. Benton, 2 Met. (Ky.), 240. So also under the act of 1863. People v. Western Transportation Co., 34 Ill., 356.
The petition must be verified ; but in this case a petition presented without verification was granted on a subsequent day, on an affidavit being then read. Ogden v. Baker, 1 Greene (N. J.), 75.
The petition may be verified (under the judiciary act) by an agent. Vandevoort v. Palmer, 4 Duer, 677. But see Kirkpatrick v. Hopkins, 2 Miles, 277 (above).
Where the application is made by a corporation, the affidavit must be by an officer authorized to make it. A secretary is not presumed to be authorized, for it is not an act within his ordinary powers or duties. Dodge v. Northwestern Packet Co., 13 Minn., 458.
Filing. The petition must be filed, at the time specified by the statute, in order to entitle the petitioner to a removal. Serving the petition on plaintiff with notice of presenting it, followed by the filing of the petition on moving at a subsequent term, is not enough. Redmond v. Russell, 12 Johns., 153. (In this case the dissenting opinion concedes that the filing the petition and the giving security are considered by the statute as simultaneous acts.)
According to Troubat & Haly's Pr., (Whart ed., 162,) the practice is, after filing the petition and bond, to give notice of motion.
The agreement of the State court to consider the petition as filed of a preceding term, when the appearance was entered nunc pro tune, cannot give jurisdiction, when the court see, that in point of fact, it was not filed till a subsequent term. 3rd Circ. (N. J.), 1810, Gibson v. Johnson, Pet. C. Ct., 44. S. P., 2nd Circ. (N. Y), 1825, Ward v. Arredondo, 1 Paine, 410.
Notice of motion. The New York superior court does not grant an order of removal without notice, or an order to show cause. N, Y. Superior Ct. Sp. T., 1858, Disbrow v. Driggs, 8 Abb. Pr., 305, note. .
Notice must be given to plaintiff, if the defendant intends to move for .the removal of an action from a State court to the United States judiciary act of 1798. The appearance required is not merely an entry in the minutes of the court, but the defendant should give notice of retainer as required, to constitute an appearance in the courts of this State. N. Y. Supreme Ct., 1867, Bristol v. Chapman, 34 How. Pr., 140.
*472 The allegations of a petition for the removal of a cause from á State court to a court of the United States, under the provisions of the judiciary act, are not deemed conclusive, but may be controverted by the plaintiff. N. Y. Superior Ct. Sp. T., 1867, New York Piano Co. v. New Haven Steamboat Co., 2 Abb. Pr. N. S., 357. (But see the case in the text.)
A less strict rule in regard to the contents of the petition has been laid down in some cases. Thus, in People v. Western Trans. Co., 34 Ill., 356, it was held, that the petition to be filed for the removal of a Cause from a State court to a court of the United States,, under the act of Congress of September 34, 1789, is not required to state the alienage or citizenship of the parties, or the amount in controversy; nor need the petition be verified in any manner. The petition is by the act required to contain a prayer for the removal of the cause, but it is not essential that it should contain a statement of the facts upon which the removal is sought.
The facts upon which a petitioner bases Ms right to removal of a cause from a State to a Federal court, must be made to appear to the satisfaction of the State court, but no particular mode is described. It may be made by admission of parties, by affidavit, or by testimony of witnesses.
Although it may be assumed that a petition for removal should contain the facts necessary to authorize a removal, the accidental omission of a material fact may be supplied on appeal in order to sustain an order granting the application. Field v. Blair, 1 Code R. N. S., 361.
It is not indispensable, in order to warrant the removal of a cause, that the requisite facts as to the alienage or citizenship of the defendant should appear by the writ or other papers filed in the State court, 1st Circ. (Mass.), 1847, Ladd v. Tudor, 3 Woodb, & M., 325.
The bond to remove' a cause from a State court to the circuit court of the United States, should be several as well as joint. N. Y. Superior Ct., 1839, Roberts v. Cannington, 2 Hall, 649.
Where, in a suit commenced by declaration claiming fourteen thousand dollars, the defendant was not held to bail, a bond in the penalty of one thousand dollars was held sufficient security for defendant’s appearance in the circuit court of the United States. Supreme Ct., 1834, Blanchard v. Dwight, 12 Wend., 192.
The weight of authority is that a bond must be actually offered and filed in order to perfect the petitioner’s right to a removal, although there are earlier cases noticed below to the contrary.
The practice is, say Trotjbat & Halt (speaking of the act of 1789), for the defendant, at the time he puts in bail, to file his petition *473 and bond, and give notice of motion for the earliest day in term thereafter, for leave to remove the cause.
The bond must be filed at the time contemplated by the statute (i. e., under the judiciary act, at the time of filing the petition). An offer to give it, made in open court on the motion, is not enough; and will be refused by the court even where an imperfect bond has been filed, and the offer is in the nature of an amendment. Roberts v. Cannington, 2 Hall, 649.
The proper rule as to the tender of security has recently been determined in Hew Hampshire', as follows:
Where a defendant undertakes to exercise the right to remove his cause from a State to a United States court, by virtue of section 12 of the act of 1789, he must at the time of entering his appearance in the action, which is presumed to be the first term after legal notice, simultaneously file his petition for the removal of the cause, and at the same time offer good and sufficient security for entering the cause in the United States court, of the sufficiency of which security the court must judge. It is not enough to express such an offer in the petition, and to produce the sureties in court at the hearing. Robinson v. Potter, 43 N. H, 188.
The petition should be denied if the defendant does not offer surety “ at the time of entering his appearance.” It is not enough to make a subsequent verbal declaration on the hearing that he has the surety ready. Kirkpatrick v. Hopkins, 2 Miles, 277.
A case is ‘‘ made out,” when the proper facts are shown, and the defendant has filed a proper bond with sufficient surety. The act confers on the defendant the right to remove the suit, by filing his petition and bond, and it makes all subsequent proceedings of the State court erroneous. Kanouse v. Martin, 15 How. Pr., 197.
It is the practice in this State to tender the bond to the court at the time of application for removal, or to file it previously.
See the following cases, where this appears by the report:
Jones v. Seward, 17 Abb. Pr., 377; Patrie v. Murray, 43 Barb., 323; Anderson v. Manufacturers’ Bank, 14 Abb. Pr., 436 ; Cooley v. Lawrence, 5 Duer, 605; Fairchild v. Durand, 8 Abb. Pr., 305; Vandevoort v. Palmer, 4 Duer, 677; Norton v. Hayes, 4 Den., 245; Suydam v. Smith, 1 Den., 263; Roberts v. Cannington, 2 Hall, 649; Blanchard v. Dwight, 12 Wend., 192; Carpenter v. N. Y. & N. Haven R. R. Co., 11 Sow. Pr., 481; Field v. Blair, 1 Code R. N. S., 292, 361; Durand v. Hollins, 3 Duer, 686; Livermore v. Jenks, 11 How. Pr., 479.
The reported cases in this State in which it does not distinctly appear that the bond was submitted to the court, are People v. Murray, 5 Park. Cr., 577 ; Stevens v. Phoenix Ins. Co., 24 How. Pr., 517; *474 Livingston v. Gibbons, 4 Johns. Ch., 94; Rogers v. Rogers, 1 Paige, 183; Leonard v. Jamison, 2 Edw., 136 ; North River Comp. v. Hoffman, 5 Johns. Ch., 300; Dennistoun v. N. Y. & New Haven R. R. Co., 1 Hilt., 62; People v. N. Y. C. P., 2 Den., 197; Redmond v. Russell, 12 Johns., 158 ; Corp v. Vermilye, 3 Id., 145; Benjamin v. Murray, 28 How. Pr., 193.
And in all these cases the application was denied on other grounds.
Li the following cases a petition for a removal was granted, although it does not distinctly appear from the report that a bond was filed or submitted to the court at the time of the application:
Arjo v. Monteiro, 1 Cai., 248; Jackson v. Stiles, 4 Johns., 493; Byam v. Stevens, 4 Edw., 119; Ilius v. N. Y. & N. Haven R. R. Co., 13 N. Y. [3 Kern.] 597; Disbrow v. Driggs, 8 Abb. Pr., 305, note; Liddle v. Thatcher, 4 Edw., 294; Bird v. Murray, Col. & C. Cas. But in none of these is there anything to sanction a removal without giving approved security.
The following cases are to the effect that the' petitioner must procure his sureties, to be approved by the court:
The court must be satisfied as to the sufficiency of the security, as a prerequisite to the removal. Cooley v. Lawrence, 5 Duer, 605, 609.
Although an order of removal may not perhaps be necessary to give effect to the removal, yet the petitioner must give satisfactory security, and it is necessary that the court make an order approving of the security, in order to perfect the removal. Vandevoort v. Palmer, 4 Duer, 677.
As a rule of practice, the court should not approve any sureties, unless the amount of the bond is equal to the sum in which the defendant in action has been held to bail, if bail has been required in the State court. This fact should be made to appear to the satisfaction of the judge to whom the bond is presented for approval. Per Leonard, J., in Jones v. Seward, 17 Abb. Pr., 391; S. C., 41 Barb., 269; 26 How. Pr., 433; reversing 40 Barb., 563, and 26 How. Pr., 33.
The court, after ordering a removal, may rescind the order on the ground that the sureties which it had approved are insufficient. An appellate court will not, except in a very strong case, interfere with the discretion of the court below on the question of security. Fitz’s Syndic v. Hayden, 4 Mart. N. S., 653.
The following are the earlier cases above referred to, in which the production of a bond was not deemed essential in the first instance:
It is not essential that the petition contain an offer of security. Surety need not be given or offered until it has been judicially determined that, upon the facts, defendant is entitled to a removal. Giving *475 security is in its nature an act subsequent to the decision on the petition. Campbell v. Wallen, Martin & Y., 266.
Where the defendant produces and tenders in court on the hearing, of the petition sufficient sureties, it is not necessary that he himself be present to execute the bond. The law does not require the execution of a bond. A stipulation in the nature of a recognizance taken in court would be sufficient. Brown v. Crippin, 4 Hen. & Mun., 173.
It appeared in Hodgson v. Millward, 3 Grant's Cas., 412, that the surety was offered at the same time as the petition, and the court referred it to the prothonotary to approve the surety.
Where the petition, which was filed on the day that defendant pleaded to the writ, and before the motion for a removal was made, contained an offer to give two sufficient sureties, designating them by name,—Held, that this was a sufficient offer. Hill v. Henderson, 6 Smedes & M., 351.
Waiver of the right of removal. When a submission to the authority of the State court has once been made, instead of duly fulfilling the statutory conditions of the right of removal, it cannot be retracted. Cooley v. Lawrence, 5 Duer, 605.
When the State court erroneously refuse to allow a removal, the defendant, even after he has litigated the cause on the merits in the State court, and judgment has gone against him, may have the judgment reversed on error in the supreme court of the United.States, and a removal of the cause directed nunc pro tunc; for proceedings after an erroneous refusal of removal are coram non judioe. Gordon v. Longuest, 16 Pet., 97. S. P., Kanouse v. Martin, 14 How. U S., 23.
A State court cannot refuse to permit an alien defendant to remove his cause into the United States circuit court, if the requisites of the act of Congress have been complied with. After such refusal all subsequent proceedings-in the State court are coram non judice. 7th Circ. (Mich.), 1853, Matthews v. Lyall, 6 McLean, 13. S. P., Circ. of Cal., 1856, Brownell v. Gordon, 1 McAll., 207.
’ After application has been refused, defendant does not waive his right by answering and proceeding to trial.' There can be no waiver of objection to proceedings that are entirely erroneous and void for want of jurisdiction. Herryford v. AEtna Ins. Co., 42 Mo., 148.
Although a party cannot by consent give a court jurisdiction when it had none by law, yet when the court has jurisdiction of the subject-matter and the person, and the defendant has some privilege which exempts him from the jurisdiction, he may waive it, if he chooses to do so. Bostwick v. Perkins, 4 Geo., 47; Overstreet v. Brown, 4 McCord, 82; Robinson v. Potter, 43 N. H, 188.
Where the State court has unquestioned jurisdiction both of the *476 parties and the subject-matter of the controversy, prior to and at the time when the defendants move the court that it may be certified to the proper Federal court, an error of judgment in overruling this motion does not oust the jurisdiction of the court. Full jurisdiction, having once attached, must be held to continue until the case is disposed of, either by certificate, or final judgment or decree, however erroneously it may have been exercised. Hadley v. Dunlap, 10 Ohio St., 1.
Where a foreign corporation sued in a State court, appeared there and removed the suit to the circuit court, under section 12 of the judiciary act,—Held, that it was too late to object to the jurisdiction of the State court, or to take any exception to the process by which the corporation was brought in. 1st Circ. (R. I.), 1854, Sayles v. Northwestern Ins. Co., 2 Curt. C. Ct., 212.
Nor is it ground to dismiss for want of jurisdiction in the circuit court, in such case, that the defendant is not an inhabitant of, and could not be found in the district. Proceeding for a removal of the cause to the circuit court is a waiver of the privilege to be sued in another district. Ib.
The order of removal. There has been considerable diversity of opinion as to the extent of the discretion of the State courts in reference to these applications, and the strictness with which they are to construe the provisions of the statute. It may be regarded as settled that in general an application for the removal of a cause from a State to a Federal court, in a case within the provisions of the act of Congress, is a matter of right; and is not addressed to the mere discretion of the State court. U. S. Supreme Ct., 1842, Gordon v. Longuest, 16 Pet., 97.
Whether Congress has or has not power to impose duties on State courts, it has power to authorize the United States courts to take jurisdiction when the State courts certify that the case is proper to be removed; and it is clearly the duty of the State courts to relinquish jurisdiction in a case within the statute. 1857, Shelby v. Hoffman, 7 Ohio St., 450.
The State courts have, however, in many cases, held a somewhat different language. The following authorities will illustrate the course of opinion upon the subject:
Under the act of Congress of 1789,—which provides for the removal of causes between citizens of different States from a State court into a United States court,—it devolves upon the State court to exercise a discretion in the interpretation of the statute, and its application to the case in question. The State court must be satisfied as to the sufficiency of the surety, and that the sum or value in dispute exceeds five *477 hundred dollars, a question regulated by the amount claimed in the action. [16 Pet., 104.] And that court is to judge whether the petition has been filed at the time of entering the appearance in that court. N. Y. Superior Ct., 1855, Cooley v. Lawrence, 5 Duer, 605.
The State court is to exercise a discretion in determining whether the case is within the statute, and to deny a removal in doubtful cases. Anderson v. Manufacturers’ Bank, 14 Abb. Pr., 436.
If the defendant makes out a case within the statute, the court has no discretion to withhold the right of removal. Gordon v. Longuest, 16 Pet., 97.
Upon a petition for the removal of a cause from a State court to a court of the United States, the former has no discretion to refuse one entitled to the jurisdiction involved, to remove his cause thither, but a judicial discretion merely to decide and declare whether the petitioner is thus entitled. James v. Thurston, 6 R. I., 438.
Under the act of Congress of 1789, and the statute of California of 1855, respecting the removal of causes from the State to the United States courts, the court must first be fully satisfied by proper evidence that the application for removal is founded upon facts which entitle the applicant to the order, and for this purpose has the right to inquire into the truth of the facts set forth in the petition, as well as to investigate the sufficiency of the security. Orosco v. Gagliardo, 22 Cal, 83.
Where the right of the defendant to remove a case into the United States circuit court is extremely doubtful, the State court should not exercise its power. N. Y. Supreme Ct., 1862, Anderson v. Manufacturers’ Bank, 14 Abb. Pr., 436.
Thus, where the action was by an assignee of the cause of action, suing in his own name, as required by the practice in the State court, and the assignor, whose name must, if the cause were transferred to the United States court, be substituted as plaintiff, was a citizen of the same State as the defendant,—Held, that the motion to remove should be denied. Ib.
It is erroneous to order a removal without some proof of the facts giving the right. Prima facie evidence should at least be offered before the court surrenders its jurisdiction. State Bank v. Morgan, 4 Mart. N. S., 344.
These are not cases in which the comity of the court is to be exercised. If the defendant is not strictly entitled to have his cause removed, the State court must maintain its jurisdiction, for plaintiff has as strong a claim to have it retained as the defendant has to have it removed. Redmond v. Russell, 12 Johns., 153.
In cases of concurrent authority, the tribunal which first obtains *478 jurisdiction, and is competent to administer it, -will retain it, and another will not interfere. The act of Congress confers a privilege innovating upon this rule, and prescribing how and when this privilege may be exercised. The statute must be, in its fair construction, pursued, or the acknowledged jurisdiction of the first tribunal must be sustained. Howard v. Taylor, 5 Duer, 604; S. C., 11 How. Pr., 380.
The courts of the United’States are courts of limited jurisdiction; and statutes relative to their jurisdiction, and for the transfer of the jurisdiction of causes from a State court, must be strictly construed. Bryan v. Pouder, 23 Georgia, 480.
Section 12 of the judiciary act of 1789,—which makes provision fdr the transfer of a cause from the State court in which it originated, into “the next circuit court ” (of the United States) “to be held in the district where the suit is pending,”—does not authorize the transfer of such cause into the Federal district -court, although that court exercises some of the powers of a circuit court. Therefore, where the application asked for the removal of a cause into “ the next circuit court of the United States to be held for the district where said suit is pending, to wit, the middle district of the State of Alabama,” and was accompanied by an offer of good security for the defendant’s personal appearance “in the circuit court of the United States to be held for the middle district of the State of Alabama,” the application was properly refused. Exp. Groom, 40 Ala., 731.
.A cause removed into the circuit court upon a petition for an order of removal from a State court to the circuit or district court of the United States, will not be dismissed on the ground of the uncertainty in the designation of the court. As the district court has no jurisdiction, siich an alternative order can cause no surprise. 1th Oirc. (Indi), 1848, McVaughter ®. Cassily, 4 McLean, 351.
If there are two circuits of the United States court within the State, the supreme court of the State may remove the cause to either circuit; and where the defendant was arrested in the district which was nearest to the place where the cause of action arose, they sent it there. N. Y. Supreme Ct., 1845, Suydam v. Smith, 1 Den., 263.
Where there was no sufficient proof that convenience required it, the court refused to send the cause to the other district. Norton v. Hayes, 4 Den., 245.
Authentication of petition. It is no objection to an application to remove a cause from a State court into the circuit court of the United States, that the petition is signed by an attorney of the court, and not by the petitioner himself, nor that the bond is not signed by him, but- *479 is signed by sureties only. N. Y. Superior Ct., 1855, Vandevoort v. Palmer, 4 Duer, 677. (But see a contrary case, below.)
When the action is against parties, and is commenced by service on one only, if all the defendants are citizens of another State, and the plaintiff is a citizen of this State, it is not necessary that any defendant should petition except the one served, nor that the bond should be conditioned for the appearance of any defendant except the petitioner. Ib.
A petition verified by an agent,—Held, sufficient. Ib.
A petition signed by attorney is not enough. It must be signed by the defendant. Kirkpatrick v. Hopkins, 2 Miles, 277.
Effect on the proceedings in the cause. After the right of removal from a State to a circuit court is complete, any proceeding of the State court in the cause is erroneous; and if proceedings are had without a plea to the jurisdiction, a court of error should examine the proceedings for removal, and reverse the judgment. U. S. Supreme Ct., 1853, Kanouse v. Martin, 15 How. U. S., 198.
When the proper papers are presented the cause is necessarily removed, and the State court cannot afterwards, by merely vacating their order allowing the removal, regain jurisdiction of the cause. Any proceedings in the State court, after the presentation of the petition and the taking of the other steps requisite to a removal of the case, would be coram non judice, and a nullity. Supreme Ct. Sp. T., 1855, Livermore v. Jenks, 11 How. Pr., 479.
If the case on which a State Court has granted a removal is not within the statute, it may reconsider the application, rescind the order, and proceed with the cause. 1824, Shepherd v. Young, 1 Monr., 203.
The fact that plaintiff has obtained an injunction on a motion noticed since the notice of motion for removal, does not affect the defendant’s right to a removal. Byam v. Stevens, 4 Edw., 119.
If an injunction is pending in the State court, and after removal the State court will not enforce it, the circuit court will interfere with a new injunction.
It seems, that the statute should be so construed as to prevent the defendants from eluding the State court injunction. U. S. Circ. Ct. (Mass.), 1860, Bowen v. Kendall, 13 Law Rep. N. S., 538.
If there is an outstanding injunction, although it could not be enforced by the State court after a removal of the cause, by complying fully with the statute, the order of removal may provide that the injunction shall continue in force until dissolved by one court or the other. Liddle v. Thatcher, 12 How. Pr., 295.
A default entered in a cause against a party in a State court, while his application for a removal of the cause into a court of the United *480 States, under the judiciary act of 1789, is pending, is irregular, and under such circumstances should be set aside on motion. Mattoon v. Hinckley, 33 Ill., 208.
In this case, although the application for the removal of the cause was still pending in the State court, the case was left off the docket for two years, and the plaintiff, in the mean time, treated the case as having been actually removed, by making an affidavit setting up the pendency of the suit in the United States court, and giving a notice based thereon to the defendant, to take depositions in the case, then “ pending and undetermined in the circuit court of the United States,” &c. After this the plaintiff took default in the State court. The previous action of the plaintiff, in treating the cause as having been removed, was also deemed sufficient reason for setting aside the default.
The remedy for a refusal to allow a removal is by error or appeal. A mandamus cannot be issued. Shelby v. Hoffman, 7 Ohio St., 450.
After the defendant has made out a case for a removal, it is error for the court to proceed further. A mandamus is not the proper remedy, but defendant, after litigating the cause unsuccessfully upon the merits, may have the order reversed on appeal. Hill v. Henderson, 6 Smedes & M., 351.
To the same effect, Campbell v. Wallen, Martin & Y., 266.
In the supreme court of Indiana, an appeal does not lie from an order transferring a cause from a State to a Federal court. City of Aurora v. West, 35 Ind., 148.
After a defendant has filed his petition for a removal of the cause from a State to a circuit court, he cannot be called upon to plead to the jurisdiction of the State court. U. S. Supreme Ct., 1853, Kanouse v. Martin, 15 How. U. S„ 198.
On the transmission of the process or declaration by which a suit was commenced in a State court, and the entry of the same in a circuit court, the plaintiff must file a new declaration according to the practice of the circuit court, as if the suit were an original one in that court. Until he has done so, he cannot enter a rule to plead, or a default for not pleading. 2nd Circ. (N. Y.), 1846, Martin v. Kanouse, 1 Blatchf., 149.
Where an attachment made in a State court would, by the law of such State, hold the property as against a foreign assignment for the benefit of creditors, the same effect will be given to it by the circuit court, to which the action has been removed under section 13 of the judiciary act. 1st Circ. (Mass.), 1856, Clarke v. Chase, 11 Law Rep. N. S., 394.
If the special bail given in conformity to section 13 of the ju *481 dieiary act, upon removal of a cause from a State court to the circuit court of the United States, desire to surrender his principal, it should be done in open court, and not by a commitment according to the local law of the State. If the party, however, is so committed, a writ of habeas corpus will be granted by the circuit court, upon petition of the bail, to bring the party into court, to be surrendered in discharge of his bail. 1st Circ. (R. I.), 1841, Holbrook v. Seagraves, 4 Law Rep., 143.
Where an action is removed from a State court to the circuit court, under section 12 of the judiciary act, certified copies of the process or papers by which the suit was commenced in the State court and of an order of that court for their transmission, should be sent to and entered in the circuit court. Where a defendant, instead of adopting that course, entered what purported to be a copy of a declaration in the action in the State court, but the copy was not certified from the State court or accompanied by a certified copy or any order of the State court for its transmission, and then entered a rule to declare,— Held, that the rule to declare must be vacated, and the copy declaration be taken from the files. 2nd Circ. (N. Y.), 1846, Martin v. Kanouse, 1 Blatchf., 149.
A cause removed from a State court to the circuit court, under section 12 of the judiciary act, stands as though originally commenced in the circuit court. 7th Circ. (Mich.), 1852, McLeod v. Duncan, 5 McLean, 242.
It stands, in the circuit court, as it did in the former, at the time of the removal. 7th Oire. (III.), 1847, Gier ®. Gregg, 4 McLean, 202.
Staying- Proceedings. Where actions of ejectment, after judgment against the casual ejector, are removed from the supreme court of this-State, into the United circuit court, the former will stay further proceedings on such judgment. N. Y. Supreme Ct., 1809, Jackson v. Stiles, 4 Johns., 493.
Second Application. After plaintiff has filed a supplemental pleading, the defendant cannot again claim the right to a removal on-appearing to answer such supplemental pleading; nor does it make-any difference that his citizenship was acquired after commencement of the suit. Richardson v. Packwood, 1 Mart. N. S., 299.
• After a cause removed to a court of the United' States under the act of 1789), upon a defective petition, has been remanded by that Court on account of the defect,—the State court should not allow a second application. The application must be made at the time of appearance. 1829, Eastin v. Rucker, 1 J. J. Marsh., 232.
It is questionable whether after having filed a defective petition and the same has been denied, the defendant can be allowed to file *482 an amended petition, and renew the application. But if this can be allowed the amended petition should be denied if it does not allege a case clearly within the statute. Savings Bank of Cincinnati v. Benton, 2 Met. (Ky.), 240.
Under the act of 1866, (14 U. S. Stat. at L., 306), as well as under the judiciary act, a removal of- a suit brought by several plaintiffs, cannot be ordered on the ground that “ the suit is commenced by a citizen of the State in which the suit is brought,” &c., unless all the plaintiffs are citizens of that State ; yet where the plaintiffs are all citizens of the State in which the action is brought, and there are associated with a defendant, who is a citizen of the same State, per-: sons who are citizens of a different State, any such citizen of another State may, in the cases provided for, have a removal. N. Y. Supreme Ct. Sp. T., 1868, Fisk v. Chicago, Rock Island & Pacific R. R. Co., 3 Abb. Pr. N. S., 453; S. C., 53 Barb., 472.
The provision of the act of Congress of July 27, 1866 (14 U. S. Stat. at L.),—allowing a removal, if the suit be brought for the purpose of restraining or enjoining a person not a citizen, or, if there can be a final disposition of the controversy, &c.,—the word “ or ” is disjunctive, and is so used as to show that Congress was providing for two different classes of cases; 1st, where the suit was to obtain an injunction; and, 2d, where the presence of the other defendants was necessary to the determination of the controversy as respects the defendant seeking the change of forum. Ib.
The act of Congress of March 2, 1867 (14 U. S. Stat. at L., 558), is not inconsistent with that of 1866, and has no repealing words,, and may be regarded merely as an addition thereto. But it only applies to a suit brought by a citizen of the State in the court of which the action is commenced, against a citizen of another State, lb.
An application for removal of a cause from a State court into the Federal court, under the law of 1867 (14 U. S. Stat. at L., 558), upon the ground that from prejudice or local interest, justice cannot be obtained in the State court, should not be granted, when made by one of several defendants. N. Y. Supreme Ct., 1869, Cooke v. State Rational Bank of Boston, 1 Lans., 494.
Test of the amount involved. To justify a removal of a suit from a State to a circuit court under section 12 of the judiciary act, the matter in dispute must exceed five hundred dollars. This fact may appear by the ad damnum in the writ when the declaration discloses no precise sum, or by the declaration in preference to the writ, if a sum certain is there claimed. And if any doubt exists as to what is the real amount in dispute, the State court may inquire into it by evidence. If the State court become satisfied that the plaintiff intends *483 to recover no more than five hundred dollars, it is justified in not allowing the action to be removed. It must not, however, by a release of damages, amendments or otherwise, permit the right to remove the action to be taken away, where at the time of the ajiplication the plaintiff clearly appears to have sought to recover more than five hundred dollars. 1st Circ. (Mass), 1847, Ladd v. Tudor, 3 Woodb. & M., 325.
The defendant cannot be deprived of the right to a removal of the cause, by an amendment reducing the amount claimed below five hundred dollars, allowed in the State court after the avowal has become complete. Supreme Ct., 1853, Kanouse v. Martin, 15 How., 198. And see Wright v. Wells, Pet. C. Ct., 220.
In assumpsit, the damages laid in the declaration are presumptively the amount in dispute, and "should regulate the action of the State court on a motion to remove the cause. But the presumption is not conclusive, and plaintiff may prevent a removal by amending his declaration so as to reduce the claim to less than that sum. N. Y. Supreme Ct., 1846, People v. New York C. P., 2 Den., 197 ; Compare Disbrow v. Driggs, 8 Abb. Pr., 305, note; Kanouse v. Martin, 15 How. Pr., 198. An action to set aside an issue of corporate stock to a large amount., and to enjoin any future transfers or sales thereof, is a case where the matter in dispute exceeds the sum of five hundred dollars, exclusive of costs. N. Y. Supreme Ct. Sp. T., 1868, Fisk v. Chicago, Rock Island & Pacific & R. R. Co., 3 Abb. Pr. N. S., 453; S. C., 53 Barb., 472.
Where, on the record in the State court, it must be held that the matter in dispute exceeded, when the suit was commenced, the sum of five hundred dollars, exclusive of costs, the jurisdiction of the United States court having once attached, no subsequent court can divest it [13 Pet., 164], and the reduction, therefore, of the amount of the claim by the declaration ■ filed in the United States court, does not entitle the plaintiff to have the cause remanded to the State court. U. S. Circ. Ct. S. Dist. of N. Y., 1870, Roberts v. Nelson, 40 How. Pr., 387.
Plaintiff cannot, by declaring in the circuit court on several claims, one of which is not within the jurisdiction of the court, entitle himself to have the cause remanded, even if on striking out such claim the remaining amount involved is less than five hundred dollars. Ib.
Exception as to dioses in action. An action brought by an assignee of a claim for damages for the breach of a contract of a common carrier to carry goods, is an action by an assignee of a promissory note or chose in action, within the meaning of the United States judiciary act of Septemcbr 24,1789, and cannot be removed into the circuit court of the United States. A chose in action, or a thing in *484 action, is a term used in contradistinction to a chose or thing in possession, and is applicable to cases where the title to money or property is in one person, and the possession is in another, which by contract hois bound to deliver to the owner. [8 N. Y.,430; 14 Abb. Pr., 436.] N. Y. Supreme Ct., 1866, Ayers v. Western R. R. Corp., 48 Barb., 132; S. C., 32 How. Pr., 351.
An action to recover damages, for failing properly to present and protest a promissory note, is an action brought to recover on a chose in action, within the meaning of the act of September 34, 1789. N. Y. Supreme Ct., 1863, Anderson v. Manufacturer’s Bank, 14 Abb. Pr., 436.
For matters peculiar to the act of 1833 and 1863, relative to suits against officers, consult, as to act of 1833: Salem & Lowell R. R. Co. v. Boston & Lowell R. R. Co., 11 Law Rep. N. S., 210 ; Coggill v. Lawrence, 2 Blatchf., 304; Wood v. Matthews, 2 Blatchf., 370; S. C., 23 Vt., 735; Van Zandt v. Maxwell, 2 Blatchf., 421; Commonwealth v. Casey, 12 Allen, 94. As to act of 1863: Hodgson v. Millward, 3 Grant's Cases, 418; Commonwealth v. Artman, 3 Id., 436; Jones v. Seward, 17 Abb. Pr., 377; S. C., less fully, 41 Barb., 369; Siebrecht v. Butler, 2 Abb. Pr. N. S., 361, note; McCormick v. Humphrey, 27 Ind., 144; Eifort v. Bevins, 1 Bush. (Ky.), 460.