### ROGERS AND OTHERS *v.* ROGERS AND OTHERS.

A suit in a state court will not be removed into the Circuit Court of the U. S., unless the latter court has jurisdiction of the subject matter of the suit, and has the power of doing substantial justice between the parties.

Where N. R. commenced suits at law in the Superior Court of the city of New York, against H. R., and H. R. filed a bill in Chancery to obtain an injunction restraining the proceedings at law, it was held, that the suit in Chancery could not be removed into the Circuit Court of the United States, inasmuch as such a removal would leave H. R. without remedy; the Circuit Court of the United States having no power to restrain the proceedings at law.

A citizen of one state becomes a citizen of any other state, when he makes such other state the place of his actual residence.

September 1st. THE defendants, who were the executors of Fitch Rogers, late of the state of Connecticut, deceased, commenced suits at law in the Superior Court of the city of New-York,

against the complainants, on notes given to the testator: which suits *are still pending.  The complainants set up an equitable defence to those suits, and the bill in this cause was filed for the purpose of obtaining an injunction to stay the proceedings at law.  The defendants in this suit presented their petition stating that they were all citizens of the state of Connecticut; and prayed for the removal of this cause into the Circuit Court of the United States.  The application was opposed on an affidavit that one of the executors was a resident citizen of this state, and he had a store, and was doing business as a flour merchant in the city of New York, and that he actually resided there at the commencement of this suit, although his family resided in Connecticut.

*R. Sedgwick*, for the petitioners.

*J. Duer*, for the complainant.

THE CHANCELLOR:—From the facts disclosed in the petition and opposing affidavit, it is doubtful whether the defendant Holley was not a citizen of the same state with the complainants when this suit was commenced.  Under the constitution of the United States, a citizen of any one state becomes a citizen of any other in which he resides.  The question of residence or domicil is frequently one of great doubt and difficulty, depending on a variety of facts and circumstances; and if the removal of this cause depended on that question alone, it might be necessary to have a reference, for the purpose of ascertaining whether Holley was a resident of New York or not, at the time the subpœna in this cause was served.  But on examination, I am satisfied the other objection made by the complainants' counsel is unanswerable.  Congress never intended to authorize the defendant to remove any suit or proceeding before a state court, unless the Circuit Court of the United States had jurisdiction of the subject matter of such suit,

1828.

Rogers
v.
Rogers.

1828.

Rogers.
v.
Rogers

[*185]

and had the power to do substantial justice between the parties. In this case, the foundation of the suit is the inequitable prosecution of the suits at law against the complainants in the state court; and the relief sought is a perpetual injunction to stay those proceedings. By the commencement of the suits at law, the state courts have gained jurisdiction over the subject matter thereof, and *the courts of the United States have no jurisdiction to restrain the petitioners from proceeding therein, or to decree a perpetual injunction, so as to prevent them from collecting the judgments which may be obtained in those suits. The effect of a removal of this cause, therefore, would be to leave the complainants without remedy.

Although this suit is in form an original proceeding, yet in fact it is only an equitable defence to the suits brought by the executors in the state court. This principle is recognized by Chief Justice Marshall in *Sims* v. *Guthrie*, (9 Cranch, 25.) And in the case of *William Cobbett*, (3 Dallas, 467,) the Supreme Court of Pennsylvania held that an action of debt on a recognizance for good behavior, although within the letter of the law of the United States authorizing the removal of causes, was not within its spirit and intent.

If the petitioners were not willing to trust their rights to the decision of the tribunals of this state, they should have brought their suits in the United States Court, and the complainants would then have been compelled to resort to the same tribunal for the purpose of interposing their equitable defence. Having resorted to the state court for justice, they must be content to take such measure of justice as the law and equity courts of this state mete out to them. The petition must be dismissed with costs.