NEW YORK CO-OP. BUILDING & LOAN ASS'N v. BRENNAN et al.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

1. MORTGAGES—PLEADING—COUNTERCLAIM.
    The right of a second mortgagee to compel a first mortgagee to first resort to property covered by the first mortgage, and not by the second, cannot be raised by a counterclaim filed in a suit to foreclose the first mortgage on property secured by both.

2. SAME.
    A first mortgagee will not be compelled to first resort to property covered by his mortgage and not by a second mortgage, unless the second mortgagee shows that the property covered by both is not adequate security for both, or that the first mortgage is amply secured by property not included in the second mortgage.

3. SAME—PRIORITIES—BUILDING AND LOAN MORTGAGE.
    A second mortgagee executed a satisfaction piece to enable the mortgagor to negotiate a new loan, to be secured by a first mortgage, in lieu of the existing first mortgage. The mortgagor executed a new second

mortgage, which was not recorded until after a building and loan first mortgage was recorded. There was no evidence that the new first mortgage was to be different in character from the original first mortgage, for which it was substituted. *Held*, that the second mortgage is junior to the principal and interest secured by the building and loan mortgage, but prior to the other charges, as dues. fines, penalties, etc., secured by the latter.

4. SAME—APPEAL.

Where a mortgagor fails to answer in a foreclosure suit, she cannot appeal from a decree therein.

Appeal from judgment on report of referee.

Suit by the New York Co-operative Building & Loan Association against Teressa Brennan and others for the foreclosure of a mortgage. From a decree in favor of plaintiff, defendants appeal. Modified.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

W. T. Daniel, for appellants.

W. Langdon, for respondent.

PATTERSON, J. This is an appeal from a judgment entered in an action for the foreclosure of a mortgage made by the defendant Teressa Brennan to the plaintiff upon property situated on 27th street, in the city of New York. The plaintiff is a corporation organized and carrying on business under an act of the legislature of the state of New York passed in the year 1851. The purpose of its incorporation is, by co-operation, to accumulate a fund to be loaned to its members for the purchase of real estate, the erection of buildings, making improvements on lands or paying off incumbrances, and to accumulate a fund to be returned to its members who do not obtain loans. The defendant Teressa Brennan became a member of the plaintiff corporation in November, 1895, and in January, 1896, obtained from it a loan of $20,000 on the 27th street premises; she on January 7, 1896, executing and delivering her bond and mortgage on said premises to secure the same and other indebtedness to accrue. At the same time she executed and delivered to the plaintiff a mortgage for $1,500 on lots in 184th street, in the city of New York, which was given as additional security for the loan of $20,000. In May, 1897, the $1,500 mortgage was satisfied. The sum of $1,400 was paid to the plaintiff to apply to the payment of interest and premiums on the loan of $20,000. Thereupon Mrs. Brennan executed another collateral mortgage on the premises in 184th street, as additional security for the $20,000 loan, to the extent of $1,000. At the time the $20,000 mortgage to foreclose which this action is brought was given, there was an existing mortgage of the same amount which was the first lien on the premises in 27th street. It was a lien for $20,000 only. At the same time there was a second mortgage upon the same property made by Mrs. Brennan to the defendant Minnie Daniel for the sum of $1,200. On January 8, 1896, the plaintiff paid to Mrs. Brennan the full amount of the loan of $20,000, and that money was used to satisfy the prior $20,000 mortgage upon the premises. On the day

on which the $20,000 was executed, Mrs. Brennan delivered into
the possession of the plaintiff a satisfaction piece of the Daniel
mortgage for $1,200, and executed a new mortgage to the defend-
ant Daniel for $1,200, covering the same premises, and reciting that
it was subject to a first mortgage upon said premises for the sum
of $20,000 and interest. This second mortgage was drawn by the
attorney for Mrs. Brennan, and was taken, fully executed, to the
office of the plaintiff on the 2d of January, 1896. So far as appears,
the defendant Daniel was not a party to any of the interviews or
negotiations between the plaintiff and Mrs. Brennan, nor was she
aware of the details thereof. It would appear that the mortgage
to the defendant Daniel was fully executed and ready for delivery
on the 2d of January, and the reference in that mortgage to the
prior mortgage of $20,000 is distinctly to one for that sum then
existing upon the property, which is described as "a straight mort-
gage," differing essentially in its terms from the $20,000 mortgage
to foreclose which this action is brought. On January 8, 1896, the
signature and acknowledgment of Mrs. Brennan upon the new Dan-
iel mortgage were stricken out, and it was resigned and reacknowl-
edged on the 8th of January, 1896, by Mrs. Brennan. The $20,000
mortgage to the plaintiff was given at the same time, and the
Daniel mortgage was put upon record a few minutes later than the
mortgage to the plaintiff. It is evident that the satisfaction piece
of the first and the substitution of the second Daniel mortgage
were intended to be in aid of a transaction by which Mrs. Brennan
would be enabled to borrow $20,000 from the plaintiff. But there
is nothing in the record to show that Mrs. Daniel was cognizant
of the fact that any other mortgage was intended to be given by
Mrs. Brennan to the plaintiff than one which should, in its terms,
correspond with the prior $20,000 mortgage existing upon the prop-
erty on the 2d day of January, 1896, or that Mrs. Daniel in any
way consented to the subordination of her lien to all the claims
and demands to secure which, in addition to the $20,000 loan, the
mortgage sought to be foreclosed in this action was given. That
it was intended by Mrs. Daniel that the new mortgage for $20,000
should take precedence of her claim to the amount of $20,000 and
interest we think is clear, and her contention that her lien is alto-
gether prior to that of the plaintiff cannot prevail. It is not set
up as a defense in the answer that she is entitled to absolute
priority. The discharge of her old mortgage was undoubtedly given
for the purpose of making her lien subordinate to a new mortgage
to the plaintiff, and the satisfaction piece of her existing mortgage
and the making of a new mortgage were doubtless sanctioned by
her for the purpose of clearing the record.

It is claimed by the defendant Daniel that the plaintiff, having
the security of a mortgage upon the 184th street lots, should be
compelled to resort first to that security, before foreclosing the
mortgage in suit. No such issue is raised by the averments of her
answer, and it is not one that could be raised by a counterclaim.
A right of the character asserted is a distinct cause of action, and
cannot be presented by counterclaim, because it does not arise out

of the transaction set forth in the complaint, and is not connected with the subject of the action. But, at all events, such relief could not be granted, because it is not made to appear that the 27th street property subject to the two liens is an adequate security for both, or that the plaintiff could realize its debt out of the collateral security. Neither of these facts was alleged, nor was there any attempt to prove them. Woolcocks v. Hart, 1 Paige, 185; Evertson v. Booth, 19 Johns. 496. And the burden would have been upon the defendant Daniel to prove facts entitling her to such relief. Herriman v. Skillman, 33 Barb. 378. The circumstance alone that the plaintiff has two securities, upon only one of which the defendant Daniel has a lien, is not sufficient to give her an absolute right to compel the plaintiff to resort primarily to the security upon which she had no lien.

The principle upon which the referee computed the amount due upon the mortgage, and the provision of the judgment with respect to the payment of the plaintiff's lien out of the proceeds of sale, present the most serious matter arising on this appeal. As between the plaintiff and Mrs. Brennan, the principle followed by the referee is undoubtedly correct; but, as respects the rights of the defendant Daniel, it is erroneous. Mrs. Brennan was a borrowing member of the plaintiff society, and the $20,000 mortgage was given to secure not only the loan of $20,000 and interest thereon, but also premiums, dues, and fines, according to the articles of association, at the rate of $206.72, to be paid monthly on the 7th day of each month, beginning the 7th day of February, 1896. They aggregate a large sum. Thus the indebtedness of Mrs. Brennan to secure which the mortgage was given was greatly enhanced from month to month. In computing the amount due upon the mortgage, the referee allowed interest at 5 per cent. from January, 1896, for 4 years, 10 months, and 12 days, amounting to $4,866.66, and also the premium on the loan from January, 1896, to the time of the commencement of this action, at $40 per month, as provided for in the mortgage, amounting to $2,080, and fines unpaid on arrears and an item of insurance, making a total amount due of $27,267.53, from which he deducted interest and premium paid by the defendant Mrs. Brennan of $5,446.17, membership dues paid by Mrs. Brennan of $119.30, withdrawal interest on dues, $152.25, and rents collected by the plaintiff of $494.89, making a balance due the plaintiff $20,054.92. As between the plaintiff and Mrs. Brennan, this computation is correct, with the exception that there is an item of $280, which, according to the terms of the mortgage, should not have been allowed. It was for $20 a week for dues of a nonborrowing member for 14 weeks previous to the date at which Mrs. Brennan became a borrowing member of the association. This $280 was a debt due by her under the terms of her membership in the plaintiff's association, for it is provided in one of the rules of that association that a member shall pay from the date at which the series to which such member belongs began; but the provision of the mortgage is distinct that the items, in addition to the amount of the loan for which it was given, should be chargeable as of the

7th day of February, 1896. While the computation of the referee, with the exception indicated, is correct, and the mortgage is enforceable against Mrs. Brennan for the amount found due, with the exception indicated, the equities of Mrs. Daniel must be considered; and, as the holder of the second mortgage for $1,200, her claim is not to be postponed in payment to anything more than the amount due upon the mortgage to the plaintiff, irrespective of those charges against Mrs. Brennan not included in the $20,000 loan. We have seen that she has not been shown to be a consenting party to the making of a mortgage to the plaintiff which should be anything more than "a straight" mortgage for $20,000, to be substituted for the prior incumbrance upon the premises to that amount. As said before, from all that appears, she knew nothing of the additional claims of the plaintiff that were to go in enhancement of the amount to be secured by its mortgage; and, under such circumstances, it would be inequitable to postpone her claim to share in the proceeds of sale to demands which it was not shown were within her contemplation when she consented to the satisfaction of her superior lien.

We think the equities of the parties should be adjusted, under the evidence, by providing that out of the proceeds of sale there shall be paid to the plaintiff the amount of $20,000, and interest at 5 per cent., to be reduced by such sums as have been paid to it on account of the principal of the mortgage and interest; that after such payment the defendant Daniel be paid out of the proceeds of sale the amount due on her $1,200 mortgage; and that after such payment to the defendant Daniel the balance of the amount due upon the plaintiff's mortgage be paid. The elements upon which the computation can be made, including, as they do, the question of the application of payments made by Mrs. Brennan, are not before this court, so that the proper computations might be made by us; and therefore the case must be sent back to the referee, to make computations in accordance with the views herein expressed. After the computations are made as directed, the judgment must be modified in accordance with the changed computations, on application to the special term, and meantime all proceedings on the judgment are stayed.

Mrs. Brennan has served a notice of appeal in this case which is entirely ineffectual for any purpose, she not having answered in the action; and, there being nothing to review upon her appeal, such appeal must be dismissed, with costs. The defendant Daniel is allowed the costs of this appeal. All concur.